Jackie L. MILLER, Appellant,

v.

William C. MILLER, Respondent.

No. 15365.

Missouri Court of Appeals,
Southern District,
Division One.

April 8, 1988.

Barbara Harris Pape, Columbia, for appellant.

Charles F. Johnson, Osage Beach, for respondent.

HOLSTEIN, Judge.

Appellant Jackie L. Miller appeals from a decree of dissolution of marriage entered in the Circuit Court of Hickory County. She complains that under the evidence, the court's division of marital property was an abuse of discretion and the amount of maintenance was inadequate in view of the factors to be considered under § 452.335.2.[1]

■ The trial court has broad discretion in the division of marital property and the award of maintenance and such determinations will not be disturbed unless an abuse of discretion is shown. *Colabianchi v. Colabianchi*, 646 S.W.2d 61, 64, 66 (Mo. banc 1983). We defer to the trial court and view the evidence in a manner favorable to the decree while we disregard contradictory evidence. *Wynn v. Wynn*, 738 S.W.2d 915, 918 (Mo.App.1987).

Appellant and respondent William C. Miller were married in 1961. During the marriage, respondent was employed as a truck driver. The parties accumulated real and personal marital property, as well as marital debts. The real property included a home and farm.

At trial appellant testified that she suffered health problems, including diabetes and a heart attack. However, she apparently took care of the farm and handled business records of the farm and trucking business after the onset of her illnesses.

Respondent was accused of misconduct during the marriage including three acts of physical abuse, diversion of marital property, and sexual infidelity. He only admitted to the latter accusation. He also testified that his earnings at the time of trial were $1,200 to $1,500 per month.

■ On this evidence, the trial court entered its decree awarding appellant $400 per month maintenance and $1,000 attorney's fees. The court awarded appellant marital property having a net value of ap-

proximately $33,000 and awarded respondent marital property having a net value of approximately $18,000.[2] Other marital property was ordered sold, specified marital debts paid, and the balance divided 60% to appellant and 40% to respondent.

We find that in this court-tried case the judgment of the trial court is supported by substantial evidence and is not against the weight of the evidence, that no error of law appears, and that a lengthy opinion would have no precedential value. Rule 84.16(b). The judgment is affirmed.

CROW, C.J., and GREENE, P.J., concur.

---

**1.** Unless otherwise indicated, all references to statutes are to RSMo, 1986, and all references to rules are to Missouri Rules of Court, V.A.M.R.

**2.** These valuations are based upon the statement of marital property filed by the appellant.