Timothy Allen ROGERS, Appellant,

v.

Michelle Ann ROGERS, Respondent.

No. WD 41798.

Missouri Court of Appeals,
Western District.

March 20, 1990.

Peter M. Schloss and Donald T. Norris, Kansas City, for appellant.

Roger Guy Burnett, Liberty, for respondent.

Before LOWENSTEIN, P.J., and KENNEDY and GAITAN, JJ.

KENNEDY, Judge.

This is a dissolution proceeding wherein the trial court awarded legal custody of three-year-old Timothy A. Rogers, Jr., the only child of the parties, to the Division of Family Services of Clay County, with physical custody in Diane Boyles, wife's mother, with whom wife also resided at time of trial. Neither the Division of Family Services nor Diane Boyles is a party to the action. Husband appeals and he alone files a brief.

■ Husband says the trial court did not make the required finding as predicate to the award of custody of the child to a third person as required by section 452.375.-4(3)(a), RSMo Supp.1989, namely, that "each parent is unfit, unsuitable, or unable, to be a custodian, or the welfare of the child manifestly demands, and that it is in the best interests of the child", that his custody be placed in a third party. It is true the court did not make an express finding in the statutory language, but we view such predicatory facts found in accordance with the result reached. *Fornachon v. Fornachon*, 748 S.W.2d 705, 707 (Mo.App.1988); *In re Marriage of Clark*, 718 S.W.2d 649, 653 (Mo.App.1986.)

Husband says the evidence does not support the award of the child's custody to the third person. Taking the evidence favorable to the judgment, as we do upon review, *Miller v. Miller*, 748 S.W.2d 179, 180 (Mo.App.1988); *Wynn v. Wynn*, 738 S.W.2d 915, 918 (Mo.App.1987); *Wood v. Wood*, 709 S.W.2d 143, 147 (Mo.App.1986), there was evidence that husband was a frequent marijuana user, that he was possessed of a violent temper which led him on more than one occasion into assaulting his wife. There was evidence of his neglect to provide medical care for the child when he was ill. Wife described one incident in which husband took her to apply for a job at the Pizza Factory. While she was applying for a job, husband drove off with the child, left wife stranded at the Pizza Factory, and went to his mother's house. When wife arrived at husband's mother's house, husband would not let her inside to see Timothy. A fight ensued between husband and wife during which husband hit wife several times.

The 19–year–old (at time of hearing) mother was immature and there was evidence that she neglected Timothy. Timothy was not bathed nor were his diapers changed. She did not feed him and she would yell and shout at him. One time, child was shaking after being yelled at by his mother.

The evidence did not perhaps compel placing the child in the custody of a third person, but we will not under the evidence overturn the trial court's order as being unsupported by the evidence. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976); *Muhlhauser v. Muhlhauser*, 754 S.W.2d 2, 4 (Mo.App.1988).

Husband also complains of the court's distribution of the parties' property (consisting almost wholly of tangible personal property) and debts, and complains also of the order of the court that the husband pay 75 percent of the court costs. The court costs include a guardian ad litem's fee of $1242. We have examined the judgment complained of and find that this distribution of property, debts and costs is within the discretionary latitude allowed to the trial court. The net effect of the judgment is to place upon the husband approximately 75 percent of the burden of the parties' debts and the court costs, and to divide the property roughly 75 percent to wife and 25

percent to husband. We have frequently said that equality between the parties is not required. *Dardick v. Dardick*, 670 S.W.2d 865, 869 (Mo. banc 1984); *Morgan v. Morgan*, 755 S.W.2d 737, 740 (Mo.App. 1988).

The case must be remanded to the trial court, however, for reconsideration of its judgment and for the entry of a new judgment. "Before the court places custody with a third person ... the court shall make that person a party to the action." Section 452.375.4(3)(a), RSMo Supp.1989. This implies that the third party must be given an opportunity to be heard. Not only is the Division of Family Services of Clay County not a party to the action, it has no statutory sanction to take third party custody of a child in a dissolution action. Section 207.020, RSMo 1986, is the general statute defining the powers and duties of the Division of Family Services. That statute does not, nor does any other we have discovered, authorize the Division of Family Services to be custodian of a child except in certain instances which do not include the present case.

■ The child's maternal grandmother, Diane Boyles, to whom physical custody of the child was given by the court's decree, was not a party to the action. Before the court may give custody of the child to Diane Boyles, she must be made a party to the action and must be given an opportunity to be heard.

The court is not bound to award custody of the child to a third person, but if on reconsideration it decides to do so it will be guided by the foregoing paragraphs. The court on remand may take additional evidence.

Judgment affirmed, except as to award of child custody. Award of child custody set aside and cause remanded for further proceedings in accordance with the foregoing opinion.

All concur.