In re the Marriage of Lavern Opal
SHIELDS, Petitioner–
Respondent,

v.

Vades R. SHIELDS, Respondent–
Appellant.

No. 23728.

Missouri Court of Appeals,
Southern District,
Division Two.

Nov. 26, 2001.

William J. Fleischaker, Roberts, Fleischhaker, Williams, Wilson & Powell, Joplin, for appellant.

Patricia Brock Loveland, Neosho, for Respondent.

Before PREWITT, J., PARRISH, J., and RAHMEYER, J.

PER CURIAM.

Vades R. Shields ("Husband") appeals from his judgment of dissolution of marriage. Husband contends that the trial court erred in its division of property. Finding no error, we affirm the trial court's judgment.

Husband and Lavern Opal Shields ("Wife") were married almost twenty years at the time they separated. Husband was 62 years old and Wife was 68 years old when they married. At the time of the marriage, Husband had a 280–acre farm, owned cattle, had certificates of deposit ("CDs"), investments, and cash. Wife had a beauty shop, which was subsequently sold. The parties lived off of income from social security, cattle, investments, and proceeds from Wife's sale of her beauty shop and house. The parties owned many CDs and investment accounts at the time of the dissolution; some CDs had been cashed and the proceeds remained to be divided at the time of trial. All of the property was titled jointly during the marriage. Husband was awarded sixty-eight percent of the property; Wife does not appeal.

Husband complains of the trial court's division of various CDs and proceeds from CDs, as well as one Edward Jones investment account. In Husband's first point he contends that the trial court's division of the proceeds of two CDs "is not supported by any evidence in that the amount awarded to the Petitioner when added to the

amount awarded to the Respondent exceeds the total amount of the marital portion of the proceeds." His second point is the same as his first except that it is directed to several CDs that have not yet been cashed. In his third point Husband claims the trial court erred in awarding an Edward Jones account number 64115285 ("Edward Jones account") to Wife rather than dividing it between Wife and Husband.

█ We will reverse the trial court's judgment in a dissolution of marriage action only if it has no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Mehra v. Mehra*, 819 S.W.2d 351, 353 (Mo. banc 1991).[1] In reviewing the trial court's judgment we defer to the trial court's determinations of credibility and view the evidence and all permissible inferences from that evidence in the light most favorable to the judgment. *Id.* We ignore all contrary evidence. *Id.* We will not reverse the trial court's judgment if there is no showing of prejudice as a result of that judgment. *Boone v. Boone*, 637 S.W.2d 249, 251 (Mo.App. E.D. 1982).

█ Each of Husband's arguments on appeal are directed to the property division. The trial court's division of property is presumed correct and Husband, as the party complaining about the division, has the burden of overcoming that presumption. *Waisblum v. Waisblum*, 968 S.W.2d 753, 755 (Mo.App. W.D.1998). In a dissolution action the trial court is not required to make an equal distribution of property,

only a just division. *Id.* at 756. The party challenging the division of property has the burden of overcoming the presumption that the trial court's division was correct. *Id.* at 755. The division of property will be reversed on appeal only if it is so "heavily and unduly weighted in favor of one party as to amount to an abuse of discretion." *Id.* (internal citation omitted).

█ Husband claims error in the trial court's division of the proceeds of two State Bank of Noel CDs cashed during the marriage of the parties.[2] His specific claim of error is that the value assigned to the proceeds is greater than the marital interest in the proceeds. Husband's theory is that because the parties' adult children's names were on the CDs prior to their being cashed, the children owned part of these CDs. Husband theorizes that each listed owner owned an equal share of the CD on which they were named, and, as a result, Husband and Wife owned less than the whole value of the CD. Because the trial court assigned the full value of the proceeds of the CDs that were cashed, rather than only the share Husband believes he and Wife owned, he argues that the trial court awarded more than the marital portion of these proceeds. We do not agree with Husband's argument.

The parties agree that what was divided by the trial court was cash. Both parties agree that there was $9,800.01 in cash from the first CD and $4,904.11 from the second CD. This was the total amount divided between the parties by the trial court. There was no testimony that the cash in question was held by anyone other

---

1. *Mehra* cites *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976) for this proposition. *Murphy* interpreted the provisions of Rule 73.01(c). The provisions of that Rule now appear in essentially the same form in Rule 84.13(d), Missouri Rules of Civil Procedure (2001).

2. Proceeds from a third State Bank of Noel CD were divided by the court, but that division is not an issue on appeal and we make no comment about the division of that asset.

than Husband or Wife at the time of dissolution nor that the children contributed any funds to the CDs. All of the money that went into the CDs was marital property. Both parties testified that they intended to give each of their children a portion of the funds from the CDs. The children did not intervene in the dissolution to claim the funds as their own. The court properly disregarded the children's names on the previously titled CDs as an intended future gift.

We fail to see how, under these circumstances, the award exceeds the marital portion of the proceeds as Husband claims. Additionally, Husband points to no prejudice as each of the parties was awarded one-half of the proceeds. In Husband's attorney's opening statement, he said, "And the money is still there, and we're asking to divide it 50–50." We will not convict the trial court of error invited by Husband. *Smith v. Associated Natural Gas Company*, 7 S.W.3d 530, 537 (Mo.App. S.D.1999). Finding no abuse of discretion, we affirm the trial court's award of the proceeds of the State Bank of Noel CDs in the amount of $9,800.01 and $4,904.11.

■ Husband directs the same complaint to the trial court's division of CDs held at various banks. The CDs at issue are as follows: a Green Country Federal Loan and Savings Association CD ("Green Country CD") of $20,000; a Roosevelt Bank CD of $15,500; three Mercantile CDs in the amounts of $10,000, $12,130.54, and $12,425.82; and two Cornerstone CDs

in the amounts of $20,000 and $10,000. The trial court divided the Green Country CD and the Roosevelt CD equally between Husband and Wife. The remaining CDs were divided two-thirds to Husband and one-third to Wife. Husband relies upon the same theory he presented in Point I, that because of the children being listed on the CDs with Husband and Wife, the marital portion of these CDs was not the full value of the CDs, and the trial court erred by treating the full value as marital property. Husband again fails to show that the trial court's division of these CDs was reversible error.

■ The evidence does not support Husband's claim that his children were joint owners of these CDs. No documents showing the actual titling of the CDs were in evidence or ever presented at trial. Husband gave no specific testimony regarding the titling of these CDs. Husband may have included some of this information on his "DR Form 1 (Summary of Marital and Non–Marital Property and Liabilities)" ("DR–1"), but that exhibit has not been filed as part of the record on appeal. Husband, as the appellant, has the responsibility of filing a complete record that will allow this court to determine the questions presented on appeal. *In re Marriage of Gardner*, 973 S.W.2d 116, 132 (Mo.App. S.D.1998). Wife's DR–1, which is part of the record on appeal, lists the names she believed were listed on the CDs at the time of trial and what names were listed prior to separation.[3] On this exhibit Wife indicates that Husband's children's

**3.** Husband contends that Wife's DR–1 has the same effect as a stipulation between the parties and the court is bound by it. Husband cites no authority for this assertion. We do not agree with his theory. "A stipulation is an agreement between counsel with respect to business before a court." *Degerinis v. Degerinis*, 724 S.W.2d 717, 720 (Mo.App. E.D.1987)(emphasis in original omitted). Husband offered his own DR–1. If Wife's DR–

1 was an agreement between counsel as to the marital property there would have been no reason for Husband to offer his own DR–1 after Wife's DR–1 was already in evidence. Wife's DR–1 was merely a summary of her testimony concerning the property of the parties. It is clear from her exhibit that she did not agree with Husband on the value or the division of some of the items. The record

names are on the CDs. No information is given as to the exact titling. There was no evidence that Husband's children were listed on the CDs in such a way that they had any legal interest in these CDs. No other evidence of any ownership interest of anyone other than Husband and Wife was presented. Again, all of the property was jointly titled during the marriage and there was no contention that this property was Husband's separate property. There was no tracing of assets. The children were not parties in the divorce. Husband failed to show that the trial court's treatment of the CD was contrary to the weight of the evidence.

Further, as with his first point, even if we assume his argument is correct and that the trial court erred, we fail to see how Husband is prejudiced by the trial court's division of these CDs. We look to see whether the overall division of property is so disproportionate as to amount to an abuse of discretion or erroneous application of law, and in doing so we do not "nitpick the record for accounting error nor second-guess the trial court's balance of the equities...." *In re Marriage of Schulte*, 546 S.W.2d 41, 47 (Mo.App.1977). Husband received sixty-eight percent of the marital property. Assuming Husband's theory is correct, the worst case scenario for Husband would be if the amount these CDs were overvalued was taken out of Husband's marital property distribution. That would reduce his share of the marital property to sixty-three percent. We do not believe such an effect would be prejudicial to Husband. For that reason alone we will not reverse the trial court's division of these CDs. The trial court's judgment concerning the division of the CDs at issue in Husband's second Point Relied On is supported by the evidence. Husband's second point on appeal is denied.

Husband's third point on appeal is that the trial court erred in awarding Wife the Edward Jones account rather than dividing the account equally between the parties. Husband acknowledges that he conceded at trial that this account was marital property. He also acknowledges the high level of discretion the trial court has in dividing marital property. He argues that his greater contribution to this account requires the trial court to have divided it equally between the parties rather than award it entirely to Wife. He relies upon § 452.330.1(2), RSMo 2000, which requires a court to consider the contribution of each spouse to the acquisition of marital property when considering all relevant factors before dividing the property. Husband's reliance is misplaced.

It is up to the trial court to determine the weight it gives to each factor in dividing the property. *Waisblum*, 968 S.W.2d at 756. The trial court's assignment of the Edward Jones account to Wife does not result in the property division to be so weighted in favor of Wife that the award must be reversed. Husband recognizes that the trial court must have considered his contribution to the assets because the court divided many assets two-thirds to him. Husband's contention that his contribution should outweigh all the other factors is without support. Given all of the factors, including the economic circumstances of each spouse, the contribution of Wife as homemaker and the value of nonmarital property set apart to each spouse, we find no prejudice and no error in the court's division of property. Husband's third point is denied.

The trial court's judgment is affirmed.

gives no indication that Wife's DR–1 reflected an agreement between the parties.