Shelley Jean WALTERS, Appellant,

v.

Robert Allen WALTERS, by his Guardian, Linda Walters, Respondent.

No. 25128.

Missouri Court of Appeals, Southern District. Division One.

June 23, 2003.

James R. Sharp, Sharp & Bredesen, Springfield, for Appellant.

Wendy E. Garrison, Twibell, Johnson, Johnson, Scott & Garrison, Springfield, for Respondent.

BARNEY, J.

Appellant, Shelley Jean Walters ("Wife"), appeals the judgment of the Circuit Court of Newton County dissolving her 15 year marriage to Respondent, Robert Allen Walters ("Husband"). She raises four points of trial court error, discussed below.

After Wife filed her petition for dissolution of marriage on May 25, 2000, Husband was involved in an automobile accident on July 12, 2000, which left him incapacitated.[1] Husband's mother, Linda Walters, had been appointed Husband's guardian in the probate division. Pursuant to motion by Wife, the trial court ordered Linda Walters substituted as guardian for Husband, an incapacitated person, during litigation. *See* Rule 52.13(b), Missouri Court Rules (2000).

In pertinent part, the trial court awarded Wife the marital residence valued at $95,000.00, subject to an indebtedness of $49,169.00, together with two vehicles valued at the total sum of $6,500.00, household goods, and personal effects.

The trial court awarded Husband an undivided interest in five acres of land, adjoining the marital residence and originally purchased by Husband, Wife, and Linda Walters. Husband and Wife paid half the $10,000.00 purchase price and Linda Walters paid the balance.

---

1. At the time of trial, Husband resided at the Carthage Rehabilitation Center. At trial, testimony revealed that Husband was being fed by a feeding tube but was not on a respirator. He was able to "move his arms a little now" and "does respond sometimes to stimulus."

Husband was also awarded his interest in his 401K plan at La–Z–Boy Midwest, valued at $11,468.00, his interest in his pension plan at La–Z–Boy Midwest, with a cash surrender value between $1,600.00 and $2,000.00; household goods; tools; and certain personal items. The trial court additionally set off to Husband a 1954 GMC pickup truck that he owned prior to the marriage.

Testimony at trial revealed that the Social Security Administration would provide $280.00 per month, per child, for the support of the two minor children born of the marriage. The record also shows that Wife worked part-time at Daisy Manufacturing earning approximately $6.00 an hour and that she had been receiving weekly payments of $71.00 from Husband's prior employer, but that these payments would terminate once the children began receiving their Social Security payments.

In pertinent part, the trial court awarded custody of the two minor children born of the marriage to Wife and granted Husband reasonable visitation rights exercisable at certain times. In its judgment, the trial court set out that Husband's legally appointed Guardian, Linda Walters, "shall be his representative to have children during all visitation described herein for any time that [Husband] is incapacitated, so that she can make arrangements for the children to have visitation and a relationship with their father."

■ "The standard of review in court-tried cases such as this case is well-established in Missouri; the judgment of a trial court will be affirmed unless 'there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law.' "

*Sanders v. Smith,* 84 S.W.3d 549, 551 (Mo. App.2002) (quoting *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976)). " 'The polestar guiding the resolution of custody disputes is the best interests of the child.' " *Young v. Young,* 14 S.W.3d 261, 264 (Mo. App.2000) (quoting *In the Interest of K.K.M.,* 647 S.W.2d 886, 892 (Mo.App. 1983)).

■ In Point One, Wife generally contends the trial court abused its discretion and "erred in its custody determination, wherein it awarded to Husband's mother, Linda Walters, the right to exercise Husband's visitation rights ...." In numerous sub-points, Wife argues, *inter alia,* that the trial court is prohibited by section 452.375.5(5)(a) from awarding any custodial rights to a non-party, such as Linda Walters; that Linda Walters was never made a party to the action for the purposes of obtaining custodial rights over the children; that the trial court failed to include in its judgment a specific written parenting plan pursuant to sections 452.375.9 and 452.310.7; and that the trial court failed to make requisite findings in its judgment on the factors contained in section 452.375.2 as required by section 452.375.6 when parties have not agreed to a custodial arrangement.[2]

Husband readily concedes that a "specific written parenting plan is required by Section 452.375.9." He also acknowledges that the "trial court did not include in the judgment any provisions for decision making rights and responsibilities." Husband, nevertheless, citing *Bridgeman v. Bridgeman,* 63 S.W.3d 686, 693 (Mo.App.2002); and *Brandow v. Brandow,* 18 S.W.3d 584, 589 (Mo.App.2000), argues that the award of custody to Wife "would infer that [Wife] has all of the decision making rights and responsibilities" and that "rather than re-

---

2. Statutory references are to RSMo 2000, unless otherwise set out.

versing custody, most courts have reversed and remanded the case with instructions to the trial court to amend the judgment to include the omitted factors."

■ We observe that the "criterion for determining visitation rights is the best interests of the children." *In re Marriage of Colley*, 984 S.W.2d 163, 171 (Mo.App. 1998). "The trial court is presumed to have studied all the evidence and decided the issue in a manner consistent with the best interests of the children." *Id.*

Unlike Wife, Husband never filed a parenting plan. No other significant evidence concerning custody or visitation was presented to the trial court, and no evidence was presented challenging Wife's proposed parenting plan.

Suffice that Linda Walters was never made a party to this case in her own, individual capacity. In the litigation she acted exclusively as Husband's guardian and as a substitute party for Husband due to his disability. Significantly, during litigation no notice of possible transfer of custody to a third party was given to Wife prior to the trial court's decision authorizing Linda Walters to exercise Husband's visitation rights, thereby impinging on her due process rights. *See Burton v. Burton*, 874 S.W.2d 461, 464 (Mo.App.1994); *see also Jones v. Jones*, 10 S.W.3d 528, 534 (Mo.App.1999).

Section 452.375.5 provides, in pertinent part, that:

Prior to awarding the appropriate custody arrangement in the best interest of the child, the court shall consider each of the following as follows:

\* \* \* \* \* \*

(5) Third-party custody or visitation:

(a) When the court finds that each parent is unfit, unsuitable, or unable to be a custodian, *or the welfare of the child requires,* and it is in the best interests of the child, then custody, temporary custody or visitation may be awarded to any other person or persons deemed by the court to be suitable and able to provide an adequate and stable environment for the child .... (emphasis added).

■ The presumption favoring custody in a parent is rebuttable when it is demonstrated that "the welfare of the child, due to special or extraordinary circumstances, renders it in the [child's] best interests that [his or her] custody be awarded to a third party." *Flathers v. Flathers*, 948 S.W.2d 463, 470 (Mo.App.1997); *see also Jones*, 10 S.W.3d at 537.

■ In interpreting the predecessor version to section 452.375.5(5)(a)—section 452.375.4(3)(a), RSMo 1994—this Court observed that this sub-section "relates to circumstances in which third party custody or visitation is granted because the parents are 'unfit, unsuitable, or unable' to be custodians 'or the welfare of the child requires, and it is in the best interests of the child.'" *Breckner v. Coble*, 921 S.W.2d 624, 627 (Mo.App.1996). We also observed that before visitation rights can be awarded, pursuant to what is now section 452.375.5(5)(a), the third party must be made a party to the action. *See id.* at 627–28. "This implies that the third party must be given an opportunity to be heard." *Rogers v. Rogers*, 786 S.W.2d 176, 178 (Mo.App.1990).

Accordingly, we are compelled to reverse that part of the judgment granting Linda Walters the right to exercise custody or visitation rights with the two minors, and remand the matter for a new hearing on this issue. The trial court is authorized to receive new pleadings, evidence and testimony bearing on this matter.

Furthermore, because the judgment lacked a complete parenting plan as required by sections 452.375.9 and 452.310.7,

on remand the trial court is directed to prepare a parenting plan in compliance with those statutory provisions. *See In re Marriage of Parmenter*, 81 S.W.3d 234, 237 (Mo.App.2002); *Brandow*, 18 S.W.3d at 589. Additionally, the trial court is directed to comply with the provisions of sections 452.375.6, "detailing the specific relevant factors that made a particular [custodial or visitation] arrangement in the best interest of the child." § 452.375.6. Point One is well taken.

■ In Point Two, Wife asserts the trial court abused its discretion when it refused to appoint a guardian ad litem for the children after Wife filed her post-trial complaint against Linda Walters asserting allegations of child abuse. She argues that section 452.423 requires the appointment of a guardian ad litem where there are allegations of abuse, even in a post-trial motion.

■ We observe that "[m]andatory appointment of a guardian ad litem is not intended to benefit either of the parties in a dissolution proceeding." *Rombach v. Rombach*, 867 S.W.2d 500, 502 (Mo. banc 1993). "Instead, the legislature enacted § 452.423.1 to protect children who may have been abused or neglected." *Id.* In the instant matter, Wife incorporated her motion for guardian ad litem into her motion for new trial. She pled only in very general fashion that the children had had few contacts with Linda Walters in the foregoing two years; that they were afraid of her; and that one of the children had described an incident of abuse involving Ms. Walters. The specifics regarding the purported incident of abuse were not set out.

■ "[T]he mandatory appointment of a guardian ad litem pursuant to § 452.423.1 is triggered only by an allegation of child abuse expressly stated in a pleading ...."

*Id.* at 503. It is our view that Wife's motion for appointment of guardian ad litem did not contain sufficient allegations requiring the appointment of a guardian ad litem. *Id.; see Downing v. Howe*, 60 S.W.3d 646, 650 (Mo.App.2001). Accordingly, we determine the trial court did not abuse its discretion in denying Wife's motion for appointment of guardian ad litem. We gratuitously note that on remand Wife will have the opportunity to file any additional motion, in proper form, for the appointment of guardian ad litem. Point denied.

■ In Point Three, Wife premises trial court error when the trial court denied her motion to set aside the judgment, based on her contention that it was necessary that Linda Walters be made a party to the action before the trial court could have made an appropriate division of the five acre tract, an air compressor, and a saddle, all of which were awarded Husband. This point is not meritorious.

■ As Wife points out, it was uncontested at trial that Husband and Wife jointly purchased a five-acre tract adjacent to their home with Husband's mother, Linda Walters, for the total sale price of $10,000.00. Husband and Wife put up $5,000.00, and Linda Walters put up $5,000.00. The trial court awarded Husband "[a]ny interest the parties may have in five (5) acres." Accordingly, as between Husband and Wife, the trial court made an appropriate division of their marital property. The trial court's division of property is presumed correct and Wife, as the party complaining about the division, has the burden of overcoming that presumption. *Shields v. Shields*, 59 S.W.3d 658, 660 (Mo. App.2001). Saliently, Linda Walters' undivided interest was not affected by the trial court's actions. Furthermore, Linda Walters could have joined the action on her own accord but chose not to. *See In re*

*Marriage of Stamatiou,* 798 S.W.2d 737, 740 (Mo.App.1990).

With regard to the saddle awarded Husband and valued at $500.00, Wife testified at trial that she did not know who had purchased the saddle in question. She speculated that it could have belonged to Linda Walters. Wife testified that "The only thing that I know is that [Husband] had a saddle. How he received the saddle I have no idea." Based on the foregoing testimony we fail to see where Linda Walters even had an interest in the saddle in question.

As for the "large" air compressor awarded Husband, Wife testified that it was purchased when the parties first married and remained "in the barn ever since it was purchased." She testified that "[t]he blue one, the large one ... with the value of $500.00," was purchased when "Jerry and Linda started to build their barn and remodel and Jerry and Linda and [Husband] and [Wife] all went in together and purchased this $250.00 apiece." Again, as in the division of the parties' interest in the five-acre tract of real estate, the trial court awarded whatever interest Husband and Wife had in the air compressor to Husband. Whatever interest Jerry and Linda may have in the air compressor in question was unaffected by the trial court's order. Again, under these circumstances, it was not necessary to the resolution of the question of the division of the parties interest in the air compressor that either Jerry or Linda be made parties to the action preliminary to the trial court making an effective disposition of Husband's and Wife's interest in the property. *See Cochran v. Cochran,* 716 S.W.2d 275, 278 (Mo.App.1986); *Ravenscroft v. Ravenscroft,* 585 S.W.2d 270, 275 (Mo.App.1979). Point denied.

■ In her fourth point of trial court error, Wife complains that the trial court erred in awarding Husband his 401K plan in its division of marital property. Wife argues that: she has no retirement of her own; Husband is allowed ownership of only $1,000.00 worth of property, because he is receiving Social Security benefits; and Wife is in need of additional property, being the primary custodian of the children born of the marriage. This claim has no merit.

■ "In considering an allegation of trial court error with respect to division of marital property, the trial court's distribution of property will not be reversed unless the distribution is so unduly weighted in favor of one spouse that there was an abuse of discretion." *Kunkel v. Kunkel,* 84 S.W.3d 557, 560 (Mo.App.2002). "The division of marital property must be just although not necessarily equal." *Id.; Shields,* 59 S.W.3d at 660. "The party challenging the division of property has the burden of overcoming the presumption that the trial court's division was correct." *Shields,* 59 S.W.3d at 660. "Issues such as credibility of witnesses are for the trial court to resolve and are not matters that appellate courts can review." *In re Marriage of Thomas,* 21 S.W.3d 168, 177 (Mo. App.2000). "A trial court is free to believe none, part, or all of a witness's testimony." *Id.*

We have examined the judgment complained of and find that the trial court's distribution of properties and allocation of debts is within the discretionary latitude allowed the trial court. *Rogers,* 786 S.W.2d at 177.

The trial court awarded Wife the net equity in the parties' residence worth approximately $45,000.00; two vehicles worth approximately $6,500.00; and the bulk of the household goods. Husband was awarded an undivided interest in a five-acre tract of land worth approximately $5,000.00 to $5,500.00; a 401 K plan valued

at $11,468.00; a pension plan with a cash surrender value of between $1,600.00 and $2,000.00; household goods; tools; certain personal items; and a pick-up truck he owned prior to the marriage.

Wife will receive from the Social Security Administration benefits of $280.00 for each child. Although Wife testified she worked but part-time there was no evidence presented that she was not capable of full-time employment; whereas, Husband is incapacitated and cannot maintain a job. While Wife testified that Husband could only own property worth up to $1,000.00 in order to continue receiving Social Security benefits, she presented no other evidence substantiating this claim. The trial court, of course, was free to disbelieve this testimony. *In re Marriage of Thomas*, 21 S.W.3d at 177. Furthermore, the trial court was aware that Husband did not become incapacitated until after the separation of the parties, and that he contributed to the acquisition of all the marital property and was entitled to receive a portion of the marital property. We find no abuse of discretion by the trial court in dividing the marital property as it did and by awarding to Husband his 401 K account. Point denied.

That part of the judgment authorizing Linda Walters to represent or assist Robert Allen Walters in the exercise of his rights of visitation is reversed and remanded for further proceedings consistent with this opinion. The trial court is authorized to receive additional pleadings and take additional testimony in this regard. The remaining provisions of the judgment are affirmed.

MONTGOMERY, P.J., concurs.

GARRISON, J., concurs.