Hannah CARLSON, Claimant–Appellant,

v.

HEALTHCARE SERVICES GROUP, INC., and Division of Employment Security, Respondents.

No. SD 29119.

Missouri Court of Appeals, Southern District, Division Two.

Jan. 28, 2009.

Hannah Carlson, pro se.

Ninion S. Riley, Jefferson City, for Respondents Div. of Employment Security.

JOHN E. PARRISH, Judge.

Hannah Carlson (claimant) seeks to appeal the denial by the Labor and Industrial Relations Commission (the commission) of her claim for unemployment benefits. The commission affirmed the decision of the Appeals Tribunal of the Missouri Division of Employment Security. The appeal is dismissed.

Rule 84.04 prescribes the requirements for an appellant's brief. Rule 84.04(a) states:

The brief for appellant shall contain:

(1) A detailed table of contents, with page references, and a table of cases (alphabetically arranged), statutes, and other authorities cited, with reference to the pages of the brief where they are cited;

(2) A concise statement of the grounds on which jurisdiction of the review court is invoked;

(3) A statement of facts;

(4) The points relied on;

(5) An argument, which shall substantially follow the order of the points relied on; and

(6) A short conclusion stating the precise relief sought.

Rule 84.04(i) provides that "[a]ll statements of fact and argument shall have specific page references to the legal file or the transcript."

Claimant's appellant's brief contains no page references to the legal file or transcript. As such it does not comply with requirements of Rule 84.04(i). A brief that violates Rule 84.04(i) fails to preserve any error for appellate review. *Brown v. Ameristar Casino Kansas City, Inc.*, 211 S.W.3d 145, 147 (Mo.App.2007); *Cooper v. Bluff City Mobile Home Sales, Inc.*, 78 S.W.3d 157, 165 (Mo.App.2002).

Compliance with Rule 84.04(i) is "mandatory and essential for the effective functioning of appellate courts." *Bishop v. Metro Restoration Servs.,*

*Inc.,* 209 S.W.3d 43, 46 (Mo.App.2006). If the court were to take the time on its own initiative to comb the record for support of factual assertions in a brief, we would, in effect, become an advocate for the non-complying party. *Id.* *Woods v. Friendly Ford, Inc.,* 248 S.W.3d 699, 713 (Mo.App.2008).

 Claimant is a pro se litigant. She is, nevertheless, held to the same standards as are attorneys and must comply with the Supreme Court's rules of procedure. *Ward v. United Engineering Co.,* 249 S.W.3d 285, 287 (Mo.App.2008). "Judicial impartiality, judicial economy, and fairness to all parties necessitates that we do not grant *pro se* appellants preferential treatment with regard to their compliance with those procedural rules." *Id.* The appeal is dismissed.

LYNCH, C.J., and RAHMEYER, J., concur.