Paul Michael PRUETT, Respondent,

v.

Barbara Louise PRUETT, Appellant.

No. SD 29154.

Missouri Court of Appeals, Southern District, Division One.

April 1, 2009.

---

1. All statutory references are to RSMo Cum. Supp. 1998, unless otherwise noted.

James R. Sharp, Sharp & Bredesen, Springfield, for appellant.

J. Matthew Miller, Baird, Lightner, Millsap & Harpool, P.C., for respondent.

DANIEL E. SCOTT, Presiding Judge.

Wife [1] appeals from a judgment dissolving her marriage. She complains that the trial court struck her pleadings and kept her from offering evidence of her alleged need for maintenance. She also challenges an order for forced sale of her home unless she refinances within 60 days. The latter point has merit. We affirm in part, reverse in part, and remand with directions.

## Point I—Striking Pleadings/Precluding Maintenance Evidence

Husband petitioned for dissolution and Wife answered, seeking maintenance, in late 2005. In early 2006, Husband served initial discovery requests which Wife never answered, even after Husband agreed to a time extension. In April 2007, the case was given a March 31, 2008 trial setting.

In February 2008, some six weeks before trial, Husband moved to compel discovery and Wife's counsel moved to withdraw. The court granted both motions and ordered Wife to provide discovery by March 14, which she failed to do. Husband moved to strike her pleadings as a sanction. The court did so on March 25, but said it would "reconsider this ruling upon [Wife]'s compliance with the court's prior rulings ordering her to fully answer said discovery."

Wife appeared pro se for the March 31 trial. The court denied her request for a continuance.[2] Wife still had not provided discovery, so the court precluded her from

1. We refer to the parties as "Husband" and "Wife." Rule references are to Missouri Court Rules (2008).

2. Wife has not challenged this ruling.

seeking affirmative relief as to maintenance.[3]

Point I lumps into one 247–word sentence a litany of assertions why the trial court thereby abused its discretion. We need not parse this point or evaluate its constituents since "appellate review is for prejudice, not mere error." *Heritage Warranty Ins., RRG, Inc. v. Swiney*, 244 S.W.3d 290, 294 (Mo.App.2008). Wife has shown no prejudice from the inability to offer evidence as to maintenance.

A litigant who complains about the exclusion of evidence should make an offer of proof to inform the trial court of the content of the proffered evidence and to allow an appellate court to determine the prejudicial effect of the exclusion. The offer of proof must be specific and definite.

*Brady v. Brady*, 39 S.W.3d 557, 560–61 (Mo.App.2001) (citations omitted). We will not reverse a judgment without a showing of prejudice. *Shields v. Shields*, 59 S.W.3d 658, 660 (Mo.App.2001). *See also* Rule 84.13(b).

Wife admits there was no offer of proof, but reminds us that she was pro se. Pro se litigants are held to the same standards as attorneys. Judicial impartiality, judicial economy, and fairness to all parties preclude courts from granting pro se litigants preferential treatment. *See Carlson v. Healthcare Services Group, Inc.*, 275 S.W.3d 382, 384 (Mo.App.2009); *Ward v. United Engineering Co.*, 249 S.W.3d 285, 287 (Mo.App.2008).

Wife has failed to show how the court's ruling prejudiced her. Moreover, we disturb a trial court's discretion to strike pleadings only if "it is exercised unjustly" (*In re Marriage of Lindeman*, 140 S.W.3d 266, 271 (Mo.App.2004)), which

the record before us belies. For these reasons, Point I fails.

## Point II—Refinance/Forced Sale Order

Husband and Wife agreed that Wife should be awarded the marital home. The court did so, then ordered "that the residence be sold at public auction by the sheriff" unless Wife refinanced within 60 days. The record reflects no request, support, or justification for such an order, and we agree with Wife that it must be reversed.

Husband cites *Hileman v. Hileman*, 909 S.W.2d 675, 680–82 (Mo.App.1995), which affirmed a somewhat similar order. That husband, however, showed that his liability on marital mortgages kept him from getting a loan of his own; it was feasible and not unduly harsh to sell the wife's home to satisfy those marital debts; and it was in everyone's best interest to do so if the wife could not refinance. *Id.* at 681–82. Here, Husband offered no such evidence. Moreover, *Hileman's* order was merely to refinance the home "or put it up for sale" (*Id.* at 677), while a forced public sale, such as here, is unlikely to bring a property's market value. *See In re Marriage of Wilson*, 727 S.W.2d 226, 227 (Mo.App.1987).

Equally misplaced is Husband's reliance on *In re Marriage of Usrey*, 781 S.W.2d 556, 561 (Mo.App.1989), which recognizes the propriety, in *dividing* a marital estate, of selling property indivisible in kind. This order does not divide marital property; it potentially force-sells a home already awarded to Wife, despite no indication of record of any loan default.

Husband argues that selling Wife's home is in her best interest, citing his own testimony that Wife could "downsize" to a

---

**3.** Over Husband's objection, however, the court heard Wife's evidence as to the division of property and debt.

smaller place and save money. Even if downsizing would save Wife money, we doubt a court could order her to do so solely on that basis. There also is a big difference between "downsizing," as normally understood, and being forced to refinance in 60 days or have your home sold on the courthouse steps. We grant Point II.

### Conclusion

We reverse those portions of the judgment (including paragraph 13 at pages 3–4 and paragraph 4 at page 5 thereof) ordering Wife to refinance her home within 60 days or have it sold at public auction, and remand for entry of a corrected judgment consistent with this opinion. In all other respects, the judgment is affirmed.

BARNEY, and BATES, JJ., Concur.