**Elaine EVERS, Claimant–Appellant,**

v.

**SUNSET VILLAGE OF THE OZARKS, INC., Employer–Respondent,**

**and**

**Missouri Division of Employment Security, Respondent–Respondent.**

**No. SD 32551.**

Missouri Court of Appeals,
Southern District,
Division One.

Nov. 27, 2013.

Elaine Evers, Lebanon, Pro Se.

Michael Pritchett, Christine Lesicko, Jefferson City, for Respondent.

Sunset Village of the Ozarks, Inc., St. Robert, Employer Acting Pro Se. (No brief filed.)

Before RAHMEYER, P.J., SCOTT, J., and FRANCIS, C.J.

PER CURIAM.

Elaine Evers brings an appeal to review a decision of the Missouri Division of Employment Security for denial of unemployment benefits to her for "reasons of misconduct in the work place." We dismiss the appeal because the gross violations in her brief make it impossible for us to discern her factual or legal complaints. We begin with her Statement of Facts.

Evers states the dates of her employment and then states:

2.) Petitioner was terminated on 9/23/2012 after a visitor to the facility claimed petitioner's method of documentation would be considered fraudulent.

3.) Petitioner called the Missouri State Board of Nursing on 9/24/2012 and spoke with a representative named Megan. Method of documentation used by Petitioner is not considered fraudulent.

4.) On 9/27/2010 [sic], Sue Buhr, Administrator and representative of Sunset Village of the Ozarks sent a statement to the Missouri Division of Employment Security that the reason for termination was a violation of the Nurse Practice Act for fraudulent documentation.

5.) The Missouri Division of Employment Security made a decision to deny unemployment benefits due to misconduct.

6.) This decision was appealed because fraudulent documents did not occur.

7.) On 10/15/12. Sue Buhr of Sunset Village sent a statement to the Division of Employment Security stating the reason for termination was a violation of facility policy. She sent a document that is suppose [sic] to be facility policy.

8.) The Missouri Division of Employment Security made a decision of misconduct in the work place despite petitioner's questioning the validity of this document.

Evers does not cite to a transcript or a legal file for any of her Statements of Facts. At no time does she inform us whether these are actually statements of fact that are contained in the record or legal conclusions. We cannot ascertain from her Statement of Facts whether someone named Megan testified at the hearing that any method of documentation used by Evers was or was not fraudulent.

At no time does she provide the contents of her apparent claim that a "facility policy" was invalid.

Likewise, Evers' points relied on make no attempt to follow the format set forth in Rule 84.04(d).[1] In numbered paragraphs: she sets forth the definition of misconduct, a case cite regarding the violation of the rule, a case cite to a case purporting to hold that employers are expected to provide an employee with notice of unacceptable work performance, a statement that the employer has the burden of proof and that employer failed to investigate any problems and, finally, statements regarding a document provided by the employer. There are any number of possible complaints in these paragraphs and we are not directed to Evers' specific complaint of error by the Commission. Is she complaining that the Commission erred in admitting evidence consisting of some document provided by the employer? There is no explanation as to the legal reason that the admission would be error. Another possibility could be that whatever happened at work was not, as a matter of law, misconduct related to her work. Our problem with that particular issue is that we were not told in the facts what the issue over documentation involved. We could continue guessing what Evers' specific complaint is, but we cannot do so without becoming an advocate. *Bishop v. Metro Restoration Services, Inc.,* 209 S.W.3d 43, 45 (Mo.App. S.D.2006) (holding that while a party has the right to appear pro se, the same rules that apply to a party represented by an attorney apply to a pro se litigant to ensure that this Court does "not act as an advocate for a party by speculating on facts and arguments that were not asserted").

---

1. All rule references are to Missouri Court Rules (2013), unless otherwise specified.

Finally, Evers' argument does nothing to assist us in analyzing any of the possible points relied upon by Evers. We are a court of review. We may reverse, remand or set aside the Commission's decision in an unemployment matter only where the Commission acted without or in excess of its powers, the decision was procured by fraud, the decision is not supported by the facts, or the decision is not supported by "sufficient competent evidence in the record." Section 288.210.[2] Evers did not provide the facts or the law to determine whether she was terminated through no fault of her own.[3] We cannot reach the merits of Evers' claim due to the deficiencies in her brief.

The appeal is dismissed.

---

**2.** All references to statutes are to RSMo 2000, unless otherwise specified.

**3.** We note that Respondent provided facts in its response that form a basis of the decision in favor of the Commission's findings and conclusions. Still, we do not have facts and law supporting Evers' position.