

# Missouri Court of Appeals

## Southern District

### Division One

IN RE:                                    )
Claim for benefits of ROBERT SHEWMON,     )
under the Missouri Employment Security Law, )
                                          )
        Claimant/Appellant,               )
                                          )
    vs.                                   )        No. SD33121
                                          )        Filed: July 11, 2014
ANTHONY DOLLINS, INC.,                    )
                                          )
        Employer/Respondent,              )
                                          )
and MISSOURI DIVISION                     )
OF EMPLOYMENT SECURITY,                   )
                                          )
        Respondent.                       )

APPEAL FROM THE LABOR AND INDUSTRIAL RELATIONS COMMISSION

**Appeal Dismissed**

PER CURIAM.  Robert Shewmon ("Shewmon") brings an appeal to review a decision of the Labor and Industrial Relations Commission ("Commission") affirming the finding of the Appeals Tribunal of the Missouri Division of Employment Security that Shewmon was disqualified for benefits for the reason that he "left work voluntarily without good cause attributable to the work or employer."  We dismiss Shewmon's appeal for multiple

Rule 84.04[1] violations in that Shewmon's *pro se* brief makes it impossible for this Court to determine his factual or legal complaints. A *pro se* litigant is held to the same standards as attorneys and must comply with Missouri Court Rules. ***Carlson v. Healthcare Services Group, Inc.***, 275 S.W.3d 382, 384 (Mo.App. S.D. 2009).

"A brief that violates Rule 84.04[] fails to preserve any error for appellate review." ***Carlson***, 275 S.W.3d at 383. "Violations of Rule 84.04 are grounds for a court to dismiss an appeal." ***Nichols v. Division of Employment Sec.***, 399 S.W.3d 901, 903 (Mo.App. S.D. 2013) (internal quotation and citation omitted).

Specifically, Shewmon's Statement of Facts is not a "fair and concise statement of the facts relevant to the questions presented for determination without argument." Rule 84.04(c). Instead, Shewmon's Statement of Facts is a combination of fact, opinion, and conjecture. While we do not question Shewmon's integrity, or his work ethic: "The primary purpose of the statement of facts is to afford an immediate, accurate, complete and unbiased understanding of the facts of the case." ***Nichols***, 399 S.W.3d at 903 (internal quotation and citation omitted).

At page 7 of Shewmon's brief, his "Points Relied On," fails to properly identify the administrative ruling or action being challenged, fails to state concisely the legal reasons for his claim of reversible error, and fails to explain why those legal reasons support the claim of reversible error. Rule 84.04(d)(1)(A)-(C). Even if we were to consider, *ex gratia*, Shewmon's sole point relied on as written, it is multifarious and in violation of Rule 84.04(d)(2)(C). "We could continue guessing what [Shewmon's] specific complaint is, but we cannot do so without becoming an advocate." ***Evers v. Sunset Village of Ozarks, Inc.***, 415 S.W.3d 139 (Mo.App. S.D. 2013).

---

[1] All rule references are to Missouri Court Rules (2013). All references to statutes are to RSMo 2000, unless otherwise indicated.

Moreover, Rule 84.04(d)(5) provides that immediately following the Points Relied On, the appellant must include a list of cases and other authorities, not to exceed four, upon which the party principally relies. Shewmon's brief did provide a separate "Table of Citations" containing three authorities, but he then failed to cite to those authorities in the Argument section of his brief.

Shewmon's Argument section is in violation of Rule 84.04(e) in that it fails to follow his point relied on, fails to contain a concise statement of the applicable standard of review for his alleged claim of error, and fails to include specific page references to the relevant portion of the record on appeal for all factual assertions in the argument. If this Court were to take time to comb the record for support of factual assertions in Shewmon's brief, we would, in effect, become an advocate for Shewmon. *Carlson*, 275 S.W.3d at 384. Simply put, Shewmon's argument does nothing to assist us in analyzing the point on which he relies.

> We are a court of review. We may reverse, remand, or set aside the Commission's decision in an unemployment matter only where the Commission acted without or in excess of its powers, the decision was procured by fraud, the decision is not supported by the facts, or the decision is not supported by 'sufficient competent evidence in the record.'

*Evers*, 415 S.W.3d at 141 (quoting § 288.210).

Shewmon did not provide any facts or law necessary for this Court to determine whether he was terminated through any fault of his own. As a result, we cannot reach the merits of Shewmon's claim due to the deficiencies in his brief.

The appeal is dismissed.