

# Missouri Court of Appeals

### Southern District

### Division Two

GREGORY LITVINCHYK, )
)
    Claimant-Appellant, )
)
v. ) No. SD33231
)
DIVISION OF EMPLOYMENT ) **Filed: Nov. 25, 2014**
SECURITY, )
)
    Respondent-Respondent. )
)
and )
)
NORDYNE, INC., )
)
    Employer. )

APPEAL FROM THE LABOR AND INDUSTRIAL RELATIONS COMMISSION

(*Before Rahmeyer, J., Lynch, J., and Burrell, J.*)

**<u>APPEAL DISMISSED</u>**

PER CURIAM. Gregory Litvinchyk ("Claimant") appeals the decision of the Labor and Industrial Relations Commission ("the Commission") that Claimant was disqualified from receiving unemployment benefits because he was discharged for misconduct connected with his work. Due to serious briefing deficiencies that make it impossible for this court to determine Claimant's factual and legal complaints, the motion to dismiss filed by

Respondent Division of Employment Security[1] is well-taken, and we dismiss Claimant's appeal.

Although we recognize the difficulties faced by non-lawyers who choose to represent themselves on appeal, a *pro se* litigant is held to the same standards as attorneys, including the duty to comply with the applicable Missouri Court Rules. ***Carlson v. Healthcare Servs. Grp.***, 275 S.W.3d 382, 384 (Mo. App. S.D. 2009). "A deficient appellate brief that does not comply with the briefing requirements of Rule 84.04[2] preserves nothing for appellate review[,]" ***Ward v. United Eng'g Co.***, 249 S.W.3d 285, 287 (Mo. App. E.D. 2008), and such deficiencies constitute grounds to dismiss the appeal. ***Nichols v. Div. of Emp. Sec.***, 399 S.W.3d 901, 903 (Mo. App. W.D. 2013).

Claimant's Statement of Facts is not a "fair and concise statement of the facts relevant to the questions presented for determination without argument" as required by Rule 84.04(c), and it contains no citations to the record. As a result, Claimant's Statement of Facts fails to fulfill its "primary purpose" -- "to afford an immediate, accurate, complete and unbiased understanding of the facts of the case." ***Nichols***, 399 S.W.3d at 903 (internal quotation and citation omitted).

Claimant's "Points Relied On" claims only that the Commission erred in reaching its ultimate decision that Claimant was disqualified from receiving benefits; it fails to assert any legal reason why the Commission committed reversible error in reaching that conclusion. *See* Rule 84.04(d)(2)(A)-(C). Claimant does not appear to deny that he threatened his supervisor, but he does deny that he did so willfully, claiming that his reaction was based on the fact that he suffers from Post Traumatic Stress Disorder (PTSD). The Commission

---

[1] The other respondent in the case, Nordyne, Inc., did not file a brief.
[2] All rule references are to Missouri Court Rules (2014).

2

found that Claimant's actions amounted to willful misconduct due to Claimant's failure to present any evidence supporting his claim that he suffered from PTSD.

To attempt to guess what Claimant's legal complaint might be -- and then form a coherent legal argument in favor of such a proposition -- would place us in the impermissible position of acting as his advocate. *See **Evers v. Sunset Village of Ozarks, Inc.**,* 415 S.W.3d 139, 140 (Mo. App. S.D. 2013).

Rule 84.04(d)(5) provides that immediately following the Points Relied On, the appellant must include a list of cases, not to exceed four, and other authorities upon which the party principally relies. Apart from a reference to ***Jarvis v. Potter***, 500 F.3d 1113 (10th Cir. 2007), a federal opinion addressing a summary judgment in favor of the postal service in an employment discrimination and retaliation suit (the relevance of which Claimant does not explain), Claimant's brief is devoid of any reference to legal authority that this court might view as either controlling or persuasive.

Finally, the argument section of Claimant's brief violates Rule 84.04(e) by: failing to follow his point relied on; omitting a concise statement of the applicable standard of review for his alleged claim of error; failing to include any references to the relevant portion of the record on appeal for factual assertions contained in his argument; and incorporating copies of various articles from psychological and veterans affairs publications. Any attempt by this court to comb the record for evidence that might support Claimant's factual assertions would again place us in the forbidden position of acting as an advocate for Claimant. *Evers*, 415 S.W.3d at 140.

> We are a court of review. We may reverse, remand or set aside the Commission's decision in an unemployment matter only where the Commission acted without or in excess of its powers, the decision was

3

procured by fraud, the decision is not supported by the facts, or the decision is not supported by "sufficient competent evidence in the record."

*Id.* at 141 (quoting section 288.210 RSMo 2000).

Claimant has not provided us with any citations to the evidence relevant to his argument on appeal, and he has failed to indicate any legal rationale that would allow this court to reverse the decision of the Commission. As a result, we cannot reach the merits of his claim.

The appeal is dismissed.