

# Missouri Court of Appeals
## Southern District

### In Division

| | |
|---|---|
| In re: The Marriage of:<br>Kyndall Ryan Phillips and<br>Hailey Elizabeth Stemel | No. SD38801 |
| KYNDALL RYAN PHILLIPS, | Filed: October 14, 2025 |
| Petitioner-Appellant, | |
| v. | |
| HAILEY ELIZABETH STEIMEL, | |
| Respondent/Movant-Respondent. | |

### APPEAL FROM THE CIRCUIT COURT OF STONE COUNTY
(at Galena)
Honorable Eric O. Chavez

**APPEAL DISMISSED**

Kyndall Ryan Phillips ("Father") appeals the circuit court's Judgment and Decree of Modification (the "Judgment") that changed provisions of the parties' Parenting Plan. Because Father's brief fails to comply with the mandatory rules that govern the content of an appellant's brief in a manner that substantially impedes impartial review, we dismiss the appeal.

1

"A deficient appellate brief that does not comply with the briefing requirements of Rule 84.04 preserves nothing for appellate review[,]" ***Ward v. United Eng'g Co.***, 249 S.W.3d 285, 287 (Mo. App. E.D. 2008), and such deficiencies constitute grounds to dismiss the appeal, ***Litvinchyk v. Div. of Emp. Sec.***, 449 S.W.3d 810, 811 (Mo. App. S.D. 2014).

Father's two multifarious points are as follows.

Point [1]: The trial court erred in awarding sole decision-making authority over the child's mental health care to Mother because this judgment was against the weight of the evidence and misapplied Missouri law regarding joint legal custody, in that:

1. The trial court failed to make the statutorily required finding that joint legal custody regarding mental health decisions was unworkable or detrimental to the child's best interests;

2. Father demonstrated reasonable cooperation by complying with court orders and presenting legitimate concerns about the counselor's provisional licensing status and diagnostic methods;

3. The Guardian ad Litem's testimony characterized the decision as extremely close ("49-51") and did not provide a compelling recommendation for sole authority to Mother;

4. The counselor's testimony revealed that her diagnosis was based on limited observation and information primarily provided by Mother, without independent verification or consultation with other medical professionals.

Point [2]: The trial court erred in modifying the parenting time schedule in favor of Mother because the modification was not supported by substantial evidence and was not in the best interests of the child, in that:

1. The trial court failed to apply the proper statutory standard requiring a substantial change in circumstances making the original decree unreasonable;

2

2. The evidence presented did not establish that the existing parenting schedule was unworkable or harmful to the child;

3. The trial court failed to make specific findings regarding each of the factors enumerated in §452.375.2 RSMo as required when modifying custody;

4. The modification disproportionately reduced Father's parenting time without evidence that such reduction served the child's best interests.

Both points are multifarious in that they each contain four separate legal reasons for Father's claim of error. *See **Barbieri v. Barbieri***, 633 S.W.3d 419, 432 (Mo. App. E.D. 2021) (multifarious points are those that group together multiple, independent claims rather than one single claim of error, and in general they preserve nothing for appeal); *see also* Rule 84.04(d)(1)(B).[1] In addition, Father's points do not set forth the alleged legal errors in the context of the facts of the case. *See* Rule 84.04(d)(1)(B) and (C).

The argument section of Father's brief is also deficient and materially impedes impartial review. The entire argument contains a total of three citations to the record. Rule 84.04(e) mandates that all factual citations in the argument have specific page references to the relevant portion of the record on appeal. In addition, Father claims the circuit court failed to hold a hearing on his motion to change counselors, a claim that is not included in Point 1.

---

[1] Unless otherwise indicated, all rule references are to Missouri Court Rules (2025).

Father also argues in his first point that the Judgment fails to make specific and required statutory findings on legal custody, but he does not identify which statutory factors the circuit court failed to address, and he failed to file a motion to amend the Judgment as required under Rule 78.07(c). These deficiencies in Father's briefing would improperly require us to seine the record and develop any potential legal arguments on Father's behalf that might have merit. This we cannot do. *See In re Marriage of Kirkham*, 975 S.W.2d 500, 506 (Mo. App. S.D. 1998). To attempt to guess what Father's specific legal complaints are and how they might relate to the factual findings of the circuit court "would place us in the impermissible position of acting as [Father's] advocate." *Litvinchyk*, 449 S.W.3d at 811.

Finally, Father's second point claims the change that designated Mother as the sole parent to determine what counseling their child will receive was not supported by substantial evidence, but Father makes no attempt to undertake the three-step process that an appellant must use in presenting a "no-substantial-evidence" claim as set forth in *Houston v. Crider*, 317 S.W.3d 178, 187 (Mo. App. S.D. 2010), and that failure is fatal to Father's claim, *see id.* at 188-89.

Because Father has failed to preserve anything for appellate review, the appeal is dismissed.

DON E. BURRELL, J. – OPINION AUTHOR

JACK A. L. GOODMAN, J. – CONCURS

BECKY J. WEST, J. – CONCURS