**HUSKY CORPORATION and Division of Employment Security, Appellants,**

v.

**LABOR AND INDUSTRIAL RELATIONS COMMISSION and Tony Lee Wertenberger, Respondents.**

Nos. 44415, 44431.

Missouri Court of Appeals, Eastern District, Division Three.

Jan. 19, 1982.

Robert W. Stewart, McMahon, Berger, Breckenridge, Hanna, Linihan & Cody, St. Louis, for Husky Corp.

Catherine J. Barrie, Jefferson City, for Labor & Ind. Relations Com'n.

Rick V. Morris, Jefferson City, for Division of Employment Sec.

Tony Lee Wertenberger, pro se.

REINHARD, Presiding Judge.

Husky Corporation and the Division of Employment Security appeal from a decision by the Labor and Industrial Relations Commission which held that claimant Tony Lee Wertenberger is not disqualified for unemployment benefits under § 288.050 RSMo. 1978.

Claimant was employed by Husky Corporation, working on an assembly line. His employment terminated on March 19, 1980. The dispute in this case concerns the circumstances of this termination. Claimant's initial claim for unemployment benefits was denied by a deputy on the basis that he voluntarily quit his job. He thus came under the exception of § 288.050, which disqualifies a claimant who "has left his work voluntarily without good cause attributable to his work or to his employer ...."

Claimant appealed this ruling to an appeals tribunal. A hearing was held before an appeals referee. Claimant testified, as did his foreman, and the personnel manager for Husky.

The testimony of these witnesses conflicted. Claimant testified that he left work on March 19, 1980, with permission from his foreman to leave to take his mother to the doctor. The foreman, Herman Gould, testified that claimant left after announcing "Herman, I quit." The personnel manager testified that claimant called him at 5:00 on the 19th and admitted that he told the foreman that he was quitting.

The appeals referee noted a difference in the two versions of the events, but found in favor of the employer, based on the demeanor of the witnesses and the credibility of their testimony. The appeals referee affirmed the decision of the deputy and held that claimant was disqualified under § 288.050 RSMo. 1978, because he left work voluntarily without good cause attributable to his employer.

Claimant then appealed to the Labor and Industrial Relations Commission. The Commission drew a different conclusion: "The Commission finds that while the evidence is contradictory, the testimony of the claimant is found to be the more credible and most convincing evidence." The Commission reversed the decision of the appeals referee and held that claimant was not disqualified under § 288.050 RSMo. 1978. One member dissented. The circuit court affirmed the decision of the Commission.

■ Our task on appeal is well defined. We review the decision of the Commission, not that of the appeals referee, *Bishop v. L.I.R.C.*, 567 S.W.2d 736, 739 (Mo.App.1978) nor that of the circuit court, *First Bank of Commerce v. L.I.R.C.*, 612 S.W.2d 39, 42 (Mo.App.1981).

The scope of our review of the decision of the Commission is set out in § 288.210 RSMo. 1978 as follows: "In any judicial proceeding under this section, the findings of the Commission as to the facts, if supported by competent and substantial evidence and in the absence of fraud shall be conclusive, and the jurisdiction of said court shall be confined to questions of law."

■ The appellants contend that in reviewing the record for substantial evidence we should ignore any testimony disbelieved by the referee before whom the witnesses testified. Appellants urge that we adopt this rule from the case of *Penasquitos Village, Inc. v. N.L.R.B.*, 565 F.2d 1074 (9th Cir. 1977).

It suffices to say, in answer to this argument, that such is not the law in Missouri. In *Pate v. St. Louis Independent Packing Co.*, 428 S.W.2d 744 (Mo.App.1968) we held the Commission, and not the referee, is the trier of fact, with the right and duty to pass upon the credibility of witnesses. In *Pate*, the referee did not credit the employee's account of his accident and found that no accident occurred arising out of the employee's employment. The Commission reversed, finding as a fact that the accident occurred as the claimant testified, and awarding benefits. We held the discredited

evidence was sufficient to support the award: "Since the Commission believed claimant this constitutes grounds to support its finding the accident occurred in that manner." *Id.* at 751. *See also McAdams v. Seven-up Bottling Works,* 429 S.W.2d 284, 287 (Mo.App.1968); *Miranda v. American Refrigerator Transit Co.,* 392 S.W.2d 413, 419 (Mo.App.1965); *Brown v. Griesedieck Western Brewing Co.,* 250 S.W.2d 803, 809 (Mo.App.1952); *Douglas v. St. Joseph Lead Co.,* 231 S.W.2d 258, 263 (Mo.App.1950).

Here the Commission chose to believe the employee, which it had a right to do under the above cases regardless of the findings of the referee. The employee's story is substantial evidence to support the Commission's findings and is not rendered insubstantial by the referee's contrary findings.

Judgment affirmed.

SNYDER, J., concurs in a separate concurring opinion.

CRIST, J., concurs.

SNYDER, Judge, concurring.

I concur in the majority opinion reluctantly, because I agree with the trial judge who affirmed the Commission's decision reversing the appeals tribunal of the Division of Employment Security.

The trial court pointed out that the Commission "actually adopted *all* of the findings of the hearing officer except his final conclusion, and gave no reason for disaffirming his belief that the general foreman and vice president were more credible witnesses." The trial judge went on to say, "The action of the Commission appears arbitrary and capricious, leaves the process open to abuse, and undermines public confidence in the system of providing unemployment compensation to deserving claimants." And so it does.

The ruling cases hold, however, that the Commission's decision must be affirmed.