**Linda D. BEERY,**
**Petitioner/Respondent,**

v.

**Gunning T. BEERY, Jr.,**
**Respondent/Appellant.**

**No. 59737.**

Missouri Court of Appeals,
Eastern District,
Division Four.

June 16, 1992.

Daniel Glowski, St. Louis, for respondent/appellant.

Cynthia S. Moseley, Clayton, for petitioner/respondent.

AHRENS, Judge.

In this dissolution action, Gunning T. Beery, Jr. (husband) appeals from the trial court's judgment ordering husband to pay Linda D. Beery (wife) child support, attorney fees, suit money, and costs, *pendente lite*. We affirm.

Husband and wife were married April 30, 1980. On January 29, 1989, the couple separated; they have three children. Husband filed a petition for divorce in Collin County, Texas on January 27, 1989. On August 8, 1989, wife filed a petition for dissolution of marriage in St. Louis County. On wife's motion to dismiss the Texas action, the Collin County District Court entered an order dated December 12, 1989, finding it had jurisdiction of the parties and property. Further, the Texas court determined it would be more convenient for the parties to have the custody and support issues decided in Missouri.

Thereafter, husband filed a motion to dismiss the dissolution action pending in St. Louis County. Noting receipt of the Texas court's order, the St. Louis County Circuit Court on June 15, 1990, sustained in part and overruled in part husband's motion to dismiss. The circuit court dismissed all allegations and prayers for relief in wife's petition "concerning any facts or issues

other than child custody or child support. . . ."

On August 13, 1990, wife filed a motion for temporary custody, child support, and attorney fees *pendente lite* (PDL motion). Wife filed an affidavit and first amended PDL motion for support money, maintenance, attorney fees, suit money and costs on September 17, 1990. That first amended PDL motion was subsequently amended by interlineation on October 30, 1990.

Following a November 6, 1990, hearing on wife's amended PDL motion for support, the trial court entered judgment ordering husband to pay $1,650 per month child support, two-thirds of all unreimbursed medical expenses, two-thirds of all custody-related travel expenses of the minor children, and $250 per month child care costs. The trial court further ordered husband to pay $5,000 to wife's counsel for attorney fees and to deposit $15,000 with the court's registry "to be posted for various fees and costs of [wife] for litigation as they may from time to time be ordered paid by the court."

Husband raises nine points in his *pro se* brief. We will address each point, although not in the order set forth in husband's brief.

Husband's second point alleges the trial court "lacked jurisdiction over the subject matter and over [husband] for the reason that [wife's] said PDL Motion failed to comply with the requirements of § 452.314 R.S.Mo. (1986)." Neither husband's point or his one sentence argument states what aspects of wife's motion he alleges are defective. Moreover, although the trial court's docket sheet references wife's original and amended PDL motions, those pleadings are not in the record before us. The only such motion in the legal file is the "Amendment by Interlineation to First Amended Motion and Affidavit." That pleading consists of: (1) paragraph six added to the motion by amendment, and (2) an amended prayer for relief. "It is axiomatic that it is appellant's duty to provide a complete record on appeal for the determination of questions presented to the appellate court." *Morovitz v. Morovitz*, 693 S.W.2d

189, 191 (Mo.App.1985). On the record before us, we are unable to review wife's motion to determine its compliance with § 452.314. Accordingly, point two is denied.

In his ninth point, husband contends the trial court "failed to consider or to rule upon Appellant's Motion to Dismiss Appellee's First Amended Petition for Dissolution as contained in his Answer; and, further, consistent with said Answer and Motion, the Court lacked jurisdiction to enter said PDL Orders for the reason that said First Amended Petition (upon which Appellee's PDL Motion was based) failed to state a cause of action."

Husband's contention is without merit. It is questionable whether husband's answer to wife's first amended petition challenged the petition for failure to state a cause of action. Further, the record does not reflect that husband ever requested a hearing on any motion to dismiss the amended petition. Nevertheless, "the failure of a petition to state a cause of action is a jurisdictional defect which may be raised at any time, even on appeal." *McCall v. Jim Lynch Cadillac, Inc.*, 791 S.W.2d 456, 458 (Mo.App.1990). In determining whether wife's amended petition states a cause of action, it is "axiomatic that the pleadings are to be given their broadest intendment, accepting as true the facts pleaded with all reasonable inferences arising therefrom." *Dillard Dep't Stores, Inc. v. Muegler*, 775 S.W.2d 179, 183 (Mo. App.1989). "If viewed in this light, the allegations invoke principles of substantive law, which if proved may entitle the pleader to relief, the petition is not to be dismissed." *Id.* Wife's amended petition, viewed in this light, stated a cause of action for an award of custody and child support. Point nine is denied.

■ In his first point, husband contends he was denied "rights to 'due process of law' as guaranteed and provided in the Missouri and United States Constitutions," because the trial court entered its order "without an evidentiary hearing, without the taking of any testimony from any witnesses, without permitting [husband] to

testify or otherwise to participate in the 'proceeding,' and without the introduction of evidence sufficient to support the Orders entered by the Court; ...." This contention is echoed in husband's eighth point. Husband's contentions are without merit. "[S]tringent procedural requirements apply regarding the raising and preservation of constitutional issues, including allegations of lack of due process." *Charles v. Missouri Div. of Employment Sec.*, 750 S.W.2d 658, 660 (Mo.App.1988). "Constitutional issues must be raised at the first available opportunity." *Id.* At the hearing, counsel for both parties informed the trial court they had agreed to submit the matter to the court on their respective arguments and any exhibits in support of their positions. Therefore, husband waived any claim that he should have been permitted to testify or present the testimony of other witnesses. *See id.* The evidence, as presented by the parties' attorneys, was sufficient to support the trial court's orders. Husband's first and eighth points are denied.

Husband's third point alleges the trial court's "child support Orders fail to comply with the requirements of § 452.340 R.S.Mo. (Supp.1990) and Missouri Supreme Court Rule 88.01." Husband further alleges the child support orders exceed seventy percent of his income and are "oppressive, abusive and beyond [husband's] ability to pay." The trial court's child support award as calculated pursuant to Civil Procedure Form No. 14 was supported by the evidence. Husband has failed to overcome the rebuttable presumption that the award as calculated pursuant to that form is the correct amount of support to be awarded. *See* § 452.340.7; Rule 88.01(e). Point three is denied.

In his fourth point, husband contends the trial court's custody order fails "to comply with the requirements of § 452.375 R.S.Mo. (Supp.1989) in that they were entered without a 'hearing' and without evidence to support the Court's consideration of the factors set forth therein." As noted in our discussion of husband's first and eighth points, both parties agreed to submit the matter to the court on their respective arguments and any exhibits in support of their positions. Therefore, husband waived his present claim. *See Charles*, 750 S.W.2d at 660. Point four is denied.

In point five, husband alleges the trial court's order regarding medical expenses is "vague, ambiguous, incapable of enforcement and is, therefore, void."

Husband's sole argument under this point is that since wife relocated to Missouri in January, 1989, she "has not notified, consulted with Appellant, or shared information regarding the childrens' [sic] health, education, or welfare," and husband "has been denied the opportunity to share in the decision making of the minor children even though prior to this Order, Appellant voluntarily paid [wife] over $28,-000.00 without any court requiring Appellant to do so." Husband's argument fails to state the rationale for his claim of error and fails to provide any supporting authority. "[T]he failure to develop any argument or cite any caselaw in support of the point renders it abandoned." *Perez v. Boatmen's Nat'l Bank*, 788 S.W.2d 296, 301 (Mo.App.1990). We will not develop husband's argument for him. Point five is denied.

■ Husband's sixth point asserts the trial court's order regarding child care "fails to comply with the requirements of § 452.340 R.S.Mo. (Supp.1990) and with Missouri Supreme Court Rule 88.01." Husband has not set forth in what manner the order fails to comply with the statute and rule. Further, husband has failed to develop any argument in support of this point, because he merely restates the point in the argument section of his brief. Thus, husband's point is rendered abandoned. *Perez*, 788 S.W.2d at 301. Again, we will not develop husband's argument for him. Point six is denied.

In point seven, husband alleges the trial court's order regarding attorney fees violates § 452.355 RSMo (Supp.1989) and "would mandate Appellant's non-compliance given the impossibility of Appellant[']s compliance and is, therefore, oppressive and abusive."

Husband does not set forth why the trial court's order violates § 452.355. His only argument is that he attempted to settle the child support issues in Texas "working with legal counsel, [wife], and the State of Texas guidelines for Child Support Payment"; and he met "all of [wife's] request [sic] during the negotiations in Texas, therefore, there was really no need to ever hire attornies [sic] in Missouri." To the extent this argument is encompassed by husband's point relied on, it is refuted by the record in light of the Texas court's order that it would be more convenient to have the matter of child support determined in Missouri. Husband's seventh point is denied.

The trial court's judgment is affirmed.

SMITH, P.J., and KAROHL, J. concur.