Kelly BORDON, Appellant,

v.

**DIVISION OF EMPLOYMENT SECURITY, Respondent.**

No. WD 66239.

Missouri Court of Appeals,
Western District.

Aug. 24, 2006.

Samuel I. McHenry, Kansas City, MO, for appellant.

Cynthia A. Quetsch, Jefferson City, MO, for respondent.

Before VICTOR C. HOWARD, Presiding Judge, JOSEPH M. ELLIS, Judge and LISA WHITE HARDWICK, Judge.

JOSEPH M. ELLIS, Judge.

Kelly Bordon appeals from an order issued by the Labor and Industrial Relations Commission denying her application for unemployment benefits pursuant to § 288.050[1] based upon a finding that she had left her employment with Beverly Health & Rehabilitation voluntarily and without good cause attributable to her work or her employer. For the following reasons, we reverse the Commission's decision.

Appellant was hired to work the day shift as a certified medical technician (CMT)/certified nurses' assistant (CNA) at the Beverly Health & Rehabilitation nursing home on September 30, 2003. She primarily performed work as a CMT, filling in as a CNA as needed, and had a set schedule in which she worked Sunday through Thursday and would have Friday and Saturday off. When she initially accepted the job, Appellant had negotiated and been given those days off as a condition of her employment.

1. All statutory references are to RSMo 2000 unless otherwise noted.

On March 16, 2005, Appellant went on approved maternity leave pursuant to § 288.050.1(1)(d) and the Federal Family and Medical Leave Act (FMLA). Prior to her going on maternity leave, Beverly Health & Rehabilitation expressly guaranteed Appellant that her position would still be there when she was able to return to work.

On May 3, 2005, after she was released by her doctor to return to work, Appellant called her employer and stated that she was ready to return to work. Appellant was told to bring her release in the following day. When she arrived at the nursing home, the staffing coordinator informed Appellant that Appellant's position as the CMT on the day shift had been filled. The staffing coordinator asked Appellant whether she would accept a part-time position as a CNA at her same pay rate. Appellant stated that she would accept such a position if she continued to be guaranteed to have Fridays and Saturdays off, indicating that her daycare provider received dialysis on Fridays. The staffing coordinator informed Appellant that she could only guarantee days off for CMTs, not for CNAs, and that Appellant would have to work Fridays and Saturdays. Appellant informed the staffing coordinator that she could not work those days. The staffing coordinator told Appellant that she would look into whether those days off could be arranged. Subsequently, the staffing coordinator and Appellant unsuccessfully tried to reach each other to further discuss scheduling.

On May 10, 2005, Appellant filed an application for unemployment benefits with the Division of Employment Security. Shortly thereafter, Beverly Health & Rehabilitation filed a letter of protest to Appellant's claim. On May 27, 2005, a deputy with the Division of Employment Security issued a determination granting Appellant's claim for benefits under § 288.050. The deputy found that Appellant's separation from employment was not the result of misconduct connected with work and that her separation from employment occurred because no work was available when Appellant returned from her leave of absence.

Beverly Health & Rehabilitation timely appealed from the deputy's determination to the Appeals Board. A hearing was conducted on Appellant's claim on July 6, 2005. On July 11, 2005, the Appeals Tribunal issued its decision reversing the deputy's determination and denying benefits to Appellant. Although finding that Appellant's testimony was more credible than that of the employer's witnesses, the Appeals Tribunal concluded:

> The claimant was offered comparable work by the employer, but declined to work because of the employer's scheduling needs. Although the claimant had worked the same schedule during her employment with the employer, the scheduling needs of the employer were subject to change. It is an employer's prerogative to schedule its employees. The claimant's failure, therefore, to accept the offered work by the employer does not constitute good cause for voluntarily leaving work. Therefore, the Appeals Tribunal concludes that the claimant voluntarily left her work with the employer on May 4, 2005, without good cause attributable to the work or to the employer.

Appellant appealed to the Labor and Industrial Relations Commission. On November 8, 2005, the Commission affirmed the decision of the Appeals Tribunal, with one member dissenting, and adopted that decision as its own. Appellant, acting *pro se*, brings two points on

appeal.[2]

This Court's review of a decision entered by the Commission is governed by Section 288.210, *Hoover v. Community Blood Ctr.*, 153 S.W.3d 9, 12 (Mo.App. W.D.2005), which provides, in relevant part:

The findings of the commission as to the facts, if supported by competent and substantial evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the appellate court shall be confined to questions of law. The court, on appeal, may modify, reverse, remand for rehearing, or set aside the decision of the commission on the following grounds and no other:

(1) That the commission acted without or in excess of its powers;

(2) That the decision was procured by fraud;

(3) That the facts found by the commission do not support the award; [or]

(4) That there was no sufficient competent evidence in the record to warrant the making of the award.

" '[W]hether the award is supported by competent and substantial evidence is judged by examining the evidence in the context of the whole record.' " *Dolgencorp, Inc. v. Zatorski*, 134 S.W.3d 813, 817 (Mo.App. W.D.2004) (quoting *Hampton v. Big Boy Steel Erection*, 121 S.W.3d 220, 223 (Mo. banc 2003)). " 'An award that is contrary to the overwhelming weight of the evidence is, in context, not supported by competent and substantial evidence.' " *Id.* (quoting *Hampton*, 121 S.W.3d at 223).

"In considering the whole record, this court defers to the Commission's determination as to the credibility of witnesses." *Id.* On the other hand, "on appeal, we are 'not bound by the Commission's conclusions of law or the Commission's application of law to the facts.' " *Hoover*, 153 S.W.3d at 12 (quoting *McClelland v. Hogan Pers., LLC*, 116 S.W.3d 660, 664 (Mo.App. W.D.2003)).

Appellant brings two points on appeal. In her first point, she contends that the Commission erred in finding that she voluntarily left her employment without good cause related to her work because the Commission specifically found her testimony credible. In point II, Appellant claims that the findings made by the Commission do not support the award denying her benefits and that there was insufficient competent evidence in the record to support that decision. She contends that the evidence demonstrated that she was not offered equivalent employment when she returned from maternity leave as required by law and, therefore, had good cause attributable to her employer to terminate her employment. Since we find Point II dispositive and requires reversal, we need not decide Point I.

"Section 288.050.1(1), RSMo 2000, requires that, for an employee who has quit her job to qualify for unemployment compensation, her quitting must have been for good cause attributable to her work or her employer." *Ward v. Acoustiseal, Inc.*, 129 S.W.3d 392, 393 (Mo. App. W.D.2004). " 'Good cause' for purposes of determining eligibility for unem-

---

**2.** Neither Beverly Health & Rehabilitation nor the Division of Employment Security elected to file a responsive brief on appeal. "There is no penalty for a respondent failing to file a brief. That omission, however, requires this court to adjudicate the appellant's claims of error without benefit of whatever argument respondent might have made in response." *J.B. Vending Co. v. Hailey*, 77 S.W.3d 48, 50 n. 2 (Mo.App. S.D.2002) (internal citation omitted).

ployment benefits has no fixed or precise meaning and is judged by the facts of each case." *Miller v. Help At Home, Inc.,* 186 S.W.3d 801, 808 (Mo.App. W.D.2006). " 'Good cause' is determined by the objective standard of what a reasonable person would do in the same or similar circumstances." *Lashea v. Fin–Clair Corp.,* 30 S.W.3d 237, 241 (Mo.App. E.D.2000). "Conditions which motivate the employee to voluntarily leave 'must be real, not imaginary, substantial, not trifling, and reasonable, not whimsical, and good faith is an essential element.' " *Miller,* 186 S.W.3d at 808 (quoting *Quik 'N Tasty Foods, Inc. v. Division of Employment Sec.,* 17 S.W.3d 620, 626 (Mo.App. W.D. 2000)). "The question of whether the claimant had good cause to leave her employment is a legal issue and thus we do not defer to the Commission's determination on the matter." *Madewell v. Division of Employment Sec.,* 72 S.W.3d 159, 163 (Mo.App. W.D.2002).

■ "[A]bsent discriminatory or unfair or arbitrary treatment, mere dissatisfaction with working conditions does not constitute good cause for quitting employment unless the dissatisfaction is based upon a substantial change in wages or working conditions from those in force at the time the claimant's employment commenced." *Cooper v. Hy–Vee, Inc.,* 31 S.W.3d 497, 504 (Mo.App. W.D.2000). "Whether there [is] a substantial difference is a question of law." *Id.*

The record reflects that, prior to taking her maternity leave, Appellant was employed as a full-time CMT working a set schedule on the dayshift, occasionally filling in as a CNA. When she attempted to return to work, despite having been guaranteed that her job would be there when she got back, Appellant was informed that Beverly Health & Rehabilitation had filled Appellant's position as the full-time CMT on the dayshift. Instead of offering Appellant her old job back, Beverly Health & Rehabilitation offered Appellant a position working part-time as a CNA without a set schedule and no set days off. Under these circumstances, the Commission's finding that Beverly Health & Rehabilitation offered Appellant "comparable work" is not supported by competent and substantial evidence.

The Commission mistakenly focused entirely upon Appellant's unwillingness to accept a schedule that did not give her Fridays and Saturdays off. The fact that Appellant was willing to accept the changes to her job duties and a reduction in hours to part-time status in the event her employer was able to continue to give her those days off does not mean those changes are to be disregarded in assessing whether the employer was imposing a substantial change in wages or working conditions. *See Id.* Viewed as a whole, the terms of employment offered by her employer constituted a substantial change in her employment that would cause a reasonable person to terminate that employment.

■ Moreover, Sunny Foster, the staffing coordinator for Beverly Health & Rehabilitation, testified that Appellant's leave of absence was granted in accordance with the FMLA. "One of the most significant protections bestowed by the FMLA upon an eligible employee is the right 'to be restored by the employer to the position of employment held by the employee when the leave commenced; or ... to be restored to an equivalent position with equivalent employment benefits, pay, and other terms and conditions of employment.' " *CNW Foods, Inc. v. Davidson,* 141 S.W.3d 100, 107 (Mo.App. S.D.2004) (quoting *29 U.S.C.A. § 2614(a)(1)(A-B)* ). "[A]n employee cannot be induced by the employer to accept a

different position against the employee's wishes." *29 C.F.R. § 825.215(e)(4).*

Pursuant to 29 C.F.R. § 825.215(a), with respect to the Family and Medical Leave Act, "[a]n equivalent position is one that is virtually identical to the employee's former position in terms of pay, benefits and working conditions, including privileges, perquisites and status. It must involve the same or substantially similar duties and responsibilities, which must entail substantially equivalent skill, effort, responsibility, and authority." "The employee is ordinarily entitled to return to the same shift or the same or an equivalent work schedule." *29 C.F.R. § 825.215(e)(2).*

Thus, under the provisions of the FMLA, Appellant was entitled to be restored to a position equivalent to her old one in terms of pay, responsibilities, and work schedule. The record clearly reflects that the position offered to Appellant by Beverly Health & Rehabilitation was not equivalent to the position she occupied prior to going on her FMLA maternity leave. Her employer's failure to comply with the provisions of the FMLA and to offer her a position equivalent to the position she occupied prior to going on maternity leave provided her with good cause to terminate her employment.

Accordingly, the Commission's decision is reversed.

All concur.