EDMONDS DENTAL COMPANY, INC., Appellant,

v.

Elbert KEENER, III, Respondent,

Division of Employment Security, Respondent.

No. WD 75545.

Missouri Court of Appeals,
Western District.

May 21, 2013.

Motion for Rehearing and/or Transfer
to Supreme Court Denied June
25, 2013.

As Modified June 25, 2013.

Richard L. Rollings, Jr., Camdenton, for Appellant.

Bart A. Matanic, Jefferson City, for Respondent Division of Employment Security.

Before Division Four: JAMES E. WELSH, Chief Judge, VICTOR C. HOWARD, Judge and PEGGY STEVENS McGRAW, Special Judge.

VICTOR C. HOWARD, Judge.

Edmonds Dental Company ("EDC") appeals the decision of the Labor and Industrial Relations Commission ("Commission"), which affirmed the Appeals Tribunal's decision that Elbert Keener was not disqualified for unemployment benefits because EDC discharged him, but not for misconduct connected with work. The decision of the Commission is reversed and the case is remanded for further proceedings in accordance with this opinion.

## Facts

Elbert Keener was a corporate officer and the sole employee of EDC. Mr. Keener's employment was for both EDC and Edmonds Dental Prosthetics, Inc. ("Dental Prosthetics"). At some point during Mr. Keener's employment with the two companies, a memorandum about employees restricting their computer use was issued to employees on letterhead of Dental Prosthetics.

Mr. Keener was discharged on September 14, 2011, for intentionally violating company policy. The policy prohibited

employees' use of company property, including the computers, for personal business. The conduct for which Mr. Keener was discharged included using company computers to make posts on Facebook, perform job searches, and otherwise conduct his own personal business.

Following his discharge, Mr. Keener filed for unemployment benefits, and EDC filed a protest. A deputy of the Division of Employment Security ("Division") found him to be not disqualified. EDC appealed the deputy's determination. The Appeals Tribunal of the Division heard the appeal, in which Mr. Keener testified by telephone and two witnesses testified in person on behalf of EDC. The Appeals Tribunal modified the deputy's determination, but also decided that Mr. Keener was not disqualified for benefits. EDC again appealed, and the Commission affirmed the decision of the Appeals Tribunal, agreeing with the result, but adding certain findings and conclusions in a written supplemental decision. EDC timely appealed.

### Standard of Review

■ Appellate review of the Commission's decision granting unemployment benefits is governed by Section 288.210.[1] This court may modify, reverse, remand for rehearing, or set aside the Commission's decision only if: "(1) the Commission acted without or in excess of its power; (2) the award was procured by fraud; (3) the facts found by the Commission do not support the award; or (4) there was not sufficient, competent evidence in the record to warrant the making of the award." *Lewis v. Fort Zumwalt Sch. Dist.*, 260 S.W.3d 888, 889–90 (Mo.App. E.D.2008) (citing § 288.210).

■ In our determination of whether there is sufficient competent and substantial evidence to support the decision of the Commission, this Court examines the evidence in the context of the entire record. *Hampton v. Big Boy Steel Erection*, 121 S.W.3d 220, 222–23 (Mo. banc 2003). "The findings of the commission as to the facts, if supported by competent and substantial evidence and in the absence of fraud, shall be conclusive[.]" Section 288.210. We defer to the Commission's determinations regarding the weight of the evidence and the credibility of witnesses. *Scrivener Oil Co. v. Crider*, 304 S.W.3d 261, 266 (Mo.App. S.D.2010). We do not defer, however, to the Commission's determinations regarding issues of law. *Id.*

### Discussion

In its sole point on appeal, EDC argues that the Commission's decision was erroneous because it acted without or in excess of its powers by misapplying the law. EDC's argument in this regard is based upon its assertion that Mr. Keener was jointly employed by two related companies, Dental Prosthetics and EDC, and his conscious and deliberate violation of company policies of Dental Prosthetics constituted misconduct with regard to both companies. Mr. Keener argues in response that EDC cannot show that he violated a policy of EDC of which he was given notice, and that EDC and Dental Prosthetics are not one business, as EDC asserts, but rather two different businesses.

The issues central to this dispute on appeal, then, are whether EDC and Dental Prosthetics should be treated as one employer, such that misconduct as to Dental Prosthetics constitutes misconduct as to EDC, or different employers; and if different employers, whether Mr. Keener's actions constituted misconduct as to EDC.

---

1. All statutory references herein are to RSMo Cum.Supp.2011, unless otherwise indicated.

"Employer" is defined by section 288.032.1 to include "[a]ny employing unit which in any calendar quarter in either the current or preceding calendar year paid for service in employment wages of one thousand five hundred dollars or more[.]" Section 288.030.1(15) defines "employing unit" as

> any individual, organization, partnership, corporation, common paymaster, or other legal entity ... which has ... in its employ one or more individuals performing services for it within this state. All individuals performing services within this state for any employing unit which maintains two or more separate establishments within this state shall be deemed to be employed by a single employing unit for all the purposes of this chapter.

Also relevant to determination of whether EDC and Dental Prosthetics are one employer or separate employers as to Mr. Keener under Chapter 288 is Section 288.030.1(8), defining "common paymaster" as "two or more related corporations in which one of the corporations has been designated to disburse remuneration to concurrently employed individuals of any of the related corporations[.]"

### Insufficiency of the Commission's Factual Findings

■■■ Section 288.200.1 requires that the Commission "promptly notify the parties of its decision and its reasons therefor." And while "[t]he decision need not be in any particular form, [it] must provide for intelligent review of the decision and reveal a reasonable basis for the Commission's decision." *Garden View Care Center, Inc. v. Labor and Indus. Relations Comm'n*, 848 S.W.2d 603, 607 (Mo.App. E.D.1993) (internal citations omitted). Findings are adequate if they leave the appellate court no room for doubt about which evidence the Commission believed

and that which it rejected. *Id.* This Court cannot be expected to determine whether an agency's decision violated any provisions of section 288.210 when only the conclusions reached by the Commission are before it. *Cummings v. Mischeaux*, 960 S.W.2d 560, 563 (Mo.App. W.D.1998).

■■■ Here, the entirety of the Commission's decision consists of eight paragraphs of analysis, undivided into fact or law sections, and a conclusion. The Commission's decision did adopt and incorporate the decision of the Appeals Tribunal, stating that the Commission's written decision was meant to "add certain findings and conclusions" and be a "supplemental decision."

The Appeals Tribunal's decision contained a distinct Findings of Fact section, which, in its entirety, reads as follows:

> The claimant was a corporate officer, and sole employee of this employer. The claimant was discharged on September 14, 2011, for intentionally violating policy.

> It was alleged that the claimant violated policy covering use of company property, including[ ] the computers. The policy which it is claimed the claimant violated prohibits employees from using company computers for personal business. The policy that the employer's witnesses claim the claimant violated is the policy of Edmonds Dental Prosthetics, Inc., which is a different employer.

Regarding the question of whether EDC and Dental Prosthetics constitute one employer or different employers, the Commission's decision further stated, in the midst of its analysis:

> [e]mployer did not prove intent here because employer's own evidence shows that claimant's employment was bifurcated between this employer (Edmonds Dental Company, Inc.) and a closely related but independent business entity

(Edmonds Dental Prosthetics, Inc.), and that the memorandum restricting their computer use was issued to employees on letterhead belonging to that other entity (i.e. Prosthetics)[,]

and also referred to Dental Prosthetics as "an entirely different company."

Neither the decision of the Appeals Tribunal nor the decision of the Commission states findings of fact apart from conclusions of law sufficiently to allow appropriate appellate review of this case. Neither decision sets forth subsidiary factual findings relevant to the controlling legal conclusion that EDC and Dental Prosthetics are "different employee[s]", but instead begin from that point as though it is itself a factual finding, rather than a legal conclusion. As such, this Court cannot discern what part of the evidence the Commission found true or was rejected and how the controlling issue of whether EDC and Dental Prosthetics constitute one employer or different employers was decided by the Commission.

## Conclusion

The failure to make adequate findings of fact for appellate review requires us to remand the case for findings in compliance with this decision. As such, the case is remanded to the Commission with directions to make findings of fact and conclusions of law based on the evidence already presented or, alternatively, to hear additional evidence if the Commission deems appropriate and then enter its decision.

All concur.