

# In the Missouri Court of Appeals
# Eastern District

## DIVISION ONE

| | | |
|---|---|---|
| AARON DAVIS, | ) | No. ED100075 |
| | ) | |
| Appellant, | ) | |
| | ) | Appeal from the Labor and |
| v. | ) | Industrial Relations Commission |
| | ) | |
| J.P. COLLIER, INC. | ) | |
| | ) | |
| and | ) | |
| | ) | |
| DIVISION OF | ) | |
| EMPLOYMENT SECURITY, | ) | |
| | ) | |
| Respondents. | ) | FILED:  May 6, 2014 |

## OPINION

Aaron Davis appeals from the decision of the Labor and Industrial Relations Commission denying his claim for unemployment compensation following his separation from J.P. Collier, Inc., d/b/a FASTSIGNS (Employer).  We affirm.

### Background

Employer, a sign and graphics business, hired Davis as a sales representative.  Davis claimed to have significant previous sales experience and a book of "Blue Chip" business in Employer's market.  Employer provided Davis with a mobile phone, lap top computer, and other materials and trained Davis primarily through four days of shadowing Employer's principal, Jeff Collier, and other sales staff.  Davis's employment contract required that he make 20 sales

contacts per day and enter those contacts into Employer's database. After three weeks, Davis had produced no contacts or other activity and was not returning Collier's calls. (The record reveals that Davis was taking 19 credit hours of college classes at the time while raising two small children with a working mother.) When Davis resurfaced, Collier expressed disappointment in Davis's performance and accused Davis of fleecing the company. In response, Davis declined his paycheck for the period and indicated that he would collect it after securing some orders. However, Davis would later testify that he walked out with no intention to return. The following week, Davis returned Employer's equipment via courier and sent his resignation via email, explaining that he was "burned out" and had another opportunity that was "too good to pass up." That opportunity didn't materialize, and Davis filed a claim for unemployment benefits.

A deputy for the Division determined that Davis was eligible for benefits because he resigned with good cause attributable to Employer in that Employer underpaid him. Employer appealed. The Appeals Tribunal heard testimony from Davis, Collier, and two witnesses for Employer. Also admitted into evidence were Davis's job application (resumé and cover letter) and job description and numerous emails between Davis and Collier. Based on the foregoing, the Appeals Tribunal concluded that Davis was not eligible for benefits because he quit voluntarily without good cause attributable to Employer. Specifically, the Tribunal found that Davis lacked good cause in that he didn't try to resolve his problems with Employer before resigning. The Commission affirmed and adopted the Tribunal's decision.

Davis, appearing *pro se*, appeals and attempts to assert three points of error, all of which challenge the Commission's determination that he lacked good cause to quit. [1]

_____

[1] As a preliminary matter, Davis's brief fails to comply with the briefing requirements of Rule 84.04. His statement of facts lacks citations to the transcript or legal file. He presents three points relied on but

2

**Standard of Review**

An appellate court may modify, reverse, remand for rehearing, or set aside the decision of the Commission only where: (1) the Commission acted without or in excess of its powers; (2) the decision was procured by fraud; (3) the facts found by the Commission do not support the award; or (4) there was no sufficient competent evidence in the record to warrant the making of the award. §288.210, RSMo 2000. In the absence of fraud, the Commission's factual findings are conclusive if supported by competent and substantial evidence. Id. Questions of law are reviewed independently, and the appellate court is not bound by the Commission's conclusions of law or its application of law to the facts. Ayers v. Sylvia Thompson Residence Ctr., 211 S.W.3d 195, 197-98 (Mo. App. W.D. 2007). On matters of witness credibility and resolution of conflicting evidence, the appellate court defers to the Commission's determinations. Id.

**Discussion**

Davis challenges the Commission's determination that he lacked good cause attributable to Employer. Good cause is limited to instances where external pressures are so compelling that a reasonable person would be justified in terminating employment. Lashea v. Fin-Clair Corp., 30 S.W.3d 237, 240 (Mo. App. E.D. 2000). The employee must attempt to resolve the dispute before resorting to separation. Id. The claimant bears the burden of proving the facts relevant to

---

collapses two into one argument and abandons the third. He cites numerous cases in his table of authorities but discusses only one in the argument section. *Pro se* litigants are held to the same standards as attorneys and, accordingly, must comply with procedural rules. Carlson v. HealthCare Services Group, Inc., 275 S.W.3d 382, 384 (Mo. App. S.D. 2009). A brief impedes disposition on the merits when it is so deficient that it fails to give notice to the court and the parties as to the issues challenged on appeal. Comp & Soft, Inc. v. AT&T Corp., 252 S.W.3d 189, 194-195 (Mo. App. E.D. 2008). Here, despite the deficiencies of Davis's brief, the Division doesn't raise the issue to request dismissal, and we are able to ascertain the gist of Davis's central argument. As a matter of policy, this court prefers to decide cases on the merits whenever possible and therefore elects to review Davis's appeal *ex gratia*. See id.

the issue, and, as stated above, we defer to the Commission's findings of fact. Id. But whether those facts constitute good cause is a question of law, for which our review is *de novo*. Id.

Davis argues that the Commission failed to consider certain facts creating an intolerable situation, namely Davis's paltry salary with Employer compared to his previous earnings, inadequate training and resources, withheld compensation, and Collier's use of profanity in their communications. As the Division correctly notes, Davis never raised the issue of salary in prior proceedings but rather for the first time here on appeal. This court may not address an issue that was not before the Commission. Lost in the Fifties, LLC v. Meece, 71 S.W.3d 273, 280 (Mo. App. S.D. 2002). Moreover, Davis willingly accepted the salary as stated in his job description; his subsequent regret does not constitute good cause attributable to Employer.[2]

Regarding training and resources, the parties' correspondence belies Davis's complaint that they were inadequate. Email correspondence in the record shows that Collier provided detailed instructions and told Davis: "let me know if you feel like you need more direction on a daily basis." Davis replied, "one thing that would be helpful is some more defined pricing guidelines. Other than that I'd say don't worry, I'm not concerned nor [sic] deterred and I'm out there working it." Davis gave no indication that he needed additional support. Regarding the allegedly withheld compensation, the parties' respective testimony conflicted as to whether the paycheck actually exchanged hands, but Davis clearly admitted that he declined it. Lastly, the only evidence of Collier's use of profanity in Davis's presence involved their last exchange when Collier accused Davis of fleecing the company (but using a different f-word), after which Davis refused his paycheck, walked out, and resigned. Davis never indicated that he was struggling with the job, never conveyed dissatisfaction, and never tried to rectify the situation. Good faith

[2] Perhaps Davis misinterprets the Tribunal's citation to Charles v. Mo. Div. of Employment Sec., 750 S.W.2d 658 (Mo. App. W.D.), which instructs that a substantial reduction in wages *with the same employer* can constitute good cause.

4

requires that an employee express his concerns to provide the employer an opportunity to correct or ameliorate conditions that the employer didn't know were problematic.  <u>Rufer v. Rauch</u>, 362 S.W. 3d 28, 33 (Mo. App. S.D. 2012).  Davis didn't satisfy this requirement.

Finally, Davis argued that the Commission overlooked the application of §288.050.1(1)(c) providing that a claimant isn't disqualified from benefits where he quits within the first 28 days a new job that proves to be unsuitable.  However, Davis admitted in his testimony before the Tribunal that he worked more than 28 days.

### Conclusion

Davis failed to establish good cause attributable to Employer. The Commission's decision is supported by sufficient competent evidence and is hereby affirmed.

_____
CLIFFORD H. AHRENS, Judge

Roy L. Richter, P.J., concurs.
Glenn A. Norton, J., concurs.