

# Missouri Court of Appeals

## Southern District

### Division One

| | |
|---|---|
| TRACI LUPE, | ) |
| | ) |
| Appellant, | ) |
| | ) |
| v. | ) No. SD34046 |
| | ) |
| CHRISTIAN COUNTY, MISSOURI, and | ) FILED: December 16, 2015 |
| DIVISION OF EMPLOYMENT SECURITY, | ) |
| | ) |
| Respondents. | ) |

APPEAL FROM THE LABOR AND INDUSTRIAL RELATIONS COMMISSION

## **REMANDED WITH DIRECTIONS**

*(Before Scott, P.J., Bates, J., and Sheffield, C.J.)*

PER CURIAM. Traci Lupe ("Claimant") quit her position as a deputy sheriff. The Labor and Industrial Relations Commission ("Commission") denied her claim for unemployment benefits, finding that she voluntarily left work without good cause attributable to the work or her employer. RSMo § 288.050.1(1). She appeals, asserting that the Commission misapplied the law as to whether she quit for good cause.

We cannot intelligently review the Commission's application of law to the facts because it failed to make a critical finding of fact.  As we cannot discern which evidence the Commission believed and which it rejected, we must remand the case. ***Edmonds Dental Co., v. Keener***, 403 S.W.3d 87, 91 (Mo.App. 2013).

### Background[1]

Claimant worked three years for Christian County ("Employer"). She started working in the jail and eventually was assigned to be a courtroom bailiff. Claimant complained about her judge's conduct, which she considered to be demeaning and harassing, and that he threatened to have her reassigned to jail duties if she defied him. After a meeting with Claimant, Employer reassigned her to courthouse door security to distance her from that judge. Employer denied Claimant's request for transfer to another bailiff position.

A few months later, Claimant filed formal EEOC and judicial-ethics complaints regarding the judge's conduct. Soon thereafter, Employer reassigned Claimant to jail transportation duty, stating that it needed a qualified female officer to transfer female inmates. Although her work hours, pay rate, and accrued benefits did not change, Claimant deemed this a retaliatory demotion to a less desirable position and quit work a week later.

Claimant applied for unemployment benefits, but was denied because she had quit voluntarily. An appeals tribunal affirmed the denial, finding credible Employer's

---

[1] We summarize the background of this case based on the entire record, deferring to the Commission's determinations on issues resolving matters of witness credibility and conflicting evidence. ***Darr v. Roberts Mktg. Group, LLC***, 428 S.W.3d 717, 720 (Mo.App. 2014).

witness who testified that Claimant's reassignment to jail transportation was not retaliatory.

Claimant sought review by the Commission, which affirmed by a 2-1 vote, again reciting Employer's non-retaliatory reason for the transfer. However, the Commission stated that it also found Claimant credible and "there is credible evidence that indicates the transfer was, at least in part, in response to her complaint. Under these circumstances it was not unreasonable for claimant to view the transfer as retaliatory." That said, the Commission found the transfer was not a hardship for Claimant; she suffered no pay change or significant change in hours; and she got along "ok" with her immediate co-workers. In concluding that Claimant voluntarily left work without good cause attributable to the work or her employer, the Commission wrote that "Claimant's perception of an injustice, no matter how reasonable, does not by itself render her work separation involuntary."

## Analysis

Claimant contends that the Commission misapplied the law in determining that she lacked good cause for leaving work. We review *de novo* this legal question upon which Claimant bore the burden of proof. ***Martin v. Div of Employment Sec.***, 460 S.W.3d 414, 417 (Mo.App. 2015). Good cause is "an objective measure based on what an average person would do acting reasonably and in good faith," and is "limited to instances where the unemployment is caused by external pressures so compelling that a reasonably prudent person would be justified in giving up employment." ***Id.*** at 417-18.

3

The central issue in this case is whether Claimant's last transfer was (1) retaliation or discriminatory treatment[2] by Employer; *or* (2) an unwelcome but non-discriminatory change of duties without a substantial change in pay or working conditions. The latter likely would not support a good cause finding (*see **Darr***, 428 S.W.3d at 728), but the former might do so.

"*Absent discriminatory or unfair or arbitrary treatment*, mere dissatisfaction with working conditions does not constitute good cause for quitting employment unless the dissatisfaction is based upon a substantial change in wages or working conditions from those in force at the time the claimant's employment commenced." ***Id***. at 725 (our emphasis). Many cases so hold,[3] suggesting that unlawful retaliation might constitute good cause for Claimant to quit despite the Commission's finding that her working conditions had not materially changed.

As to whether the transfer was retaliatory, the Commission's findings are ambiguous. The Commission declared the *evidence* credible in both directions, but made no finding on the actual fact issue. Although explicit credibility determinations often aid our review, "[c]redible, believable, even uncontradicted proof of

---

[2] In this context, we see retaliation as tantamount to discrimination. *Cf.* ***Missouri Pub. Entity Risk Mgmt. Fund v. Inv'rs Ins. Co.***, 338 F. Supp. 2d 1046, 1051-52 (W.D. Mo. 2004) *aff'd,* 451 F.3d 925 (8th Cir. 2006) (insurance coverage for employment discrimination claims).

[3] *See also* ***Bordon v. Div. of Employment Sec.***, 199 S.W.3d 206, 210 (Mo.App. 2006); ***Rodriguez v. Osco Drug***, 166 S.W.3d 138, 142 n.3 (Mo.App. 2005); ***Cooper v. Hy-Vee, Inc.***, 31 S.W.3d 497, 504 (Mo.App. 2000); ***VanDrie v. Performance Contracting and Div. of Employment Sec.***, 992 S.W.2d 369, 373-74 (Mo.App. 1999); ***Sokol v. Labor & Indus. Relations Comm'n***, 946 S.W.2d 20, 26-27 (Mo.App. 1997); ***Mitchell v. Div. of Employment Sec.***, 922 S.W.2d 425, 428 (Mo.App. 1996); ***Charles v. Missouri Div. of Employment Sec.***, 750 S.W.2d 658, 661 (Mo.App. 1988).

*evidentiary* facts may not prove a contested issue of *ultimate* fact to the fact-finder's satisfaction." ***Black River Electric Cooperative v. People's Community State Bank***, 466 S.W.3d 638, 640 (Mo.App. 2015).

Having carefully read and re-read the Commission's decision, we simply cannot tell if the Commission was persuaded that Claimant's transfer was, in fact, retaliatory. Absent a discernable finding of fact on this key issue, we cannot determine whether the Commission erred in applying the law.

A Commission decision must leave no room for doubt about which evidence was believed and which was rejected, provide for intelligent review of the decision, and reveal a reasonable basis for the decision. ***Edmonds Dental***, 403 S.W.3d at 90. Failure to make adequate findings of fact requires us to remand the case. ***Id***. at 91.

## Conclusion

We remand this case to the Commission with directions to make further findings of fact as indicated herein "based on the evidence already presented or, alternatively, to hear additional evidence if the Commission deems appropriate and then enter its decision." ***Id.***